GANDÍA, DEMANDANTE Y APELADO, *v.* STUBBE, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre nulidad de contrato.

No. 2486.—Resuelto en febrero 16, 1922.

JUICIO — SUSPENSIÓN DEL JUICIO — DISCRECIÓN JUDICIAL — ENFERMEDAD DE UN MIEMBRO DE LA FAMILIA DEL ABOGADO.—Además de las causas que puedan señalarse expresamente en el estatuto, las cortes tienen poder inherente para suspender los juicios por otras causas que en el ejercicio de su discreción estimen procedentes. La súbita y grave enfermedad de miembros de la familia del abogado de una de las partes, es una causa justa de suspensión, tomándose las medidas oportunas para ocasionar el menor perjuicio posible a la parte contraria.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. José de Guzmán Benítez.*

Abogados del apelante: *Sres. C. Coll Cuchí y G. Cruzado Silva.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

El presente es un recurso de apelación interpuesto contra sentencia de la Corte de Distrito de San Juan, Sección Primera, dictada en 28 de octubre de 1920 en contra del demandado. La vista del recurso se celebró el 3 de febrero actual.

El primero de los errores alegados por el demandado-apelante es el siguiente:

"La corte cometió un abuso de discreción al no suspender la vista de este juicio el día 20 de julio de 1920, produciendo tal abuso de discreción la indefensión del Sr. Stubbe."

Aparece de los autos lo que sigue:

"Día 20 de julio de 1920.—Sesión de la mañana.—Compareció en corte abierta el abogado don Cayetano Coll Cuchí, en representación del demandado en este caso, e hizo la siguiente moción oral:

" 'COLL: Antes de empezar la sesión voy a hacer una moción. Voy a solicitar la suspensión del juicio oral en este caso señalada para las dos de la tarde de hoy, muy en contra de mi voluntad pero por dos causas justificadas que estaban fuera de mi alcance ni esperaba que ocurrieran. Una es la enfermedad repentina del Sr. Stubbe ocurrida ayer. La corte la considerará y procederá como mejor lo entienda. Y otra es que mi señora y un hijo mío están muy graves en el Hospital Presbiteriano y no podría por tanto atender a este juicio oral ni es posible que examine los testigos. Tengo un hijo si se muere o no se muere.

" 'JUEZ: La corte resolverá esta tarde la moción, pero de todas maneras debe venir preparado para las dos.

" 'COLL: Si la corte la resolviera en contra no podría entrar en juicio oral porque me sería imposible entrar en juicio muriéndoseme un hijo.

" 'JUEZ: Son dos abogados los que intervienen, el Sr. Coll y el Sr. Cruzado.

" 'COLL: Yo soy el único. El Sr. Cruzado deseo hacer constar que es un empleado de mi oficina y actúa con tal carácter, sin que tenga conocimiento absoluto como abogado de estas cuestiones.

" 'JUEZ: Aparece firmando todos los escritos y aparece como abogado del record.

" 'COLL: Si la corte cree que es de conciencia y de moral profesional obligarme a entrar en juicio así, la corte resolverá.

" 'JUEZ: La corte resolverá a las dos de la tarde.' "

En la sesión de la tarde compareció el demandante y por medio de su abogado se opuso a que el juicio fuera suspendido. El taquígrafo tomó sus palabras. Se han transcrito y ocupan desde la página 2 a la 6 de la exposición del caso.

Finalmente la corte resolvió la cuestión planteada así:

"JUEZ: Esta mañana se presentó una moción oral solicitando la suspensión de este juicio, alegándose que uno de los testigos se encuentra enfermo, sin que se haya presentado bajo *affidavit* conforme a lo que prescribe la Ley de Procedimientos Civiles, o sea la Ley de Enjuiciamiento Civil, por lo cual la corte la declara sin lugar.

"Se presentó también una solicitud de suspensión alegando el abogado que no puede asistir al juicio por estar su señora enferma y también uno de sus hijos. La corte, entendiendo que esta causa o motivo no está comprendido en ninguno de los articulados de la Ley de Enjuiciamiento Civil, la declara sin lugar."

La enfermedad de la esposa y del hijo del abogado del demandado no fueron negadas. Todo demuestra que era cierta y que se trataba de algo que ocurrió súbitamente. Al terminar la corte de pronunciar su resolución, el abogado Cruzado Silva, se expresó así:

"Con la venia de la corte. Voy a consignar, a nombre del compañero Coll y Cuchí, su más formal protesta a que el caso presente se vea hoy día en que el demandado se encuentra desprovisto de defensa alguna y de medios de defensa, por los motivos de encontrarse enfermo recluído en cama, y por el motivo también de que su abogado defensor, Sr. Coll y Cuchí, está impedido de asistir a la vista porque a estas horas tiene en el Hospital Presbiteriano de Santurce a su esposa gravemente enferma después de haberse realizado en ella una operación de carácter grave, y un hijo que está más de la muerte que de la vida. Por esas consideraciones respetuosamente formulamos nuestra protesta de que se celebre el juicio en contra del demandado Stubbe en el día de hoy."

El juicio siguió adelante en ausencia del demandado practicándose la larga prueba incluída en las seiscientas treinta y tres páginas de la exposición del caso. La corte, como hemos dicho, falló en favor del demandante.

Con su acostumbrada precisión y extensión *Corpus Juris* resume la jurisprudencia sobre la materia y de ese resumen transcribimos los párrafos que siguen:

"La facultad de conceder o negar una suspensión es inherente a todas las cortes, y necesaria para los fines de la justicia y para impedir demoras. También la facultad es a veces conferida expresamente por el estatuto, pero, por lo menos en algunas jurisdicciones, un estatuto relativo a suspensiones es considerado no como la fuente originaria de la facultad sino como la prescripción de determinados requisitos para la aplicación de la misma." 13 C. J. 123, sec. 2.

"Es una regla general que el conceder o denegar una moción de suspensión descansa en la sana discreción de la corte sentenciadora; y que una corte de apelación no intervendrá en el ejercicio de esa discreción a menos que la acción de la corte sentenciadora sea manifiestamente errónea y constituya un claro abuso de discreción. Sinembargo, la discreción de la corte sentenciadora en este particular no es arbitraria, sino una discreción judicial, regulada y regida por reglas legales, y para ser ejercitada con vista a los derechos manifiestos de las partes y a la prevención de injusticia y opresión, y en este sentido está sujeta a revisión." 13 C. J. 123, 124, sec. 4.

Hemos estudiado cuidadosamente la cuestión planteada a la luz de los hechos ocurridos y de la jurisprudencia aplicable y a nuestro juicio el error cometido por la corte es evidente más bien que por abuso de discreción, por haberse negado a ejercitar la discreción que tenía para juzgar la segunda de las causas alegadas para pedir la suspensión.

Al referirse a la enfermedad de la esposa y del hijo del abogado de la parte demandada, la corte expresó que el hecho no estaba comprendido en el Código de Enjuiciamiento Civil como una causa para pedir la suspensión y negó ésta. Aceptando que no lo estuviera, la corte, eso no obstante, tenía

poder inherente para suspender la vista juzgando si el motivo alegado era o no suficiente por sus propios méritos.

Que la enfermedad de un miembro de la familia del abogado de una de las partes puede y debe ser motivo de suspensión es evidente. Véase 13 C. J. 145. Claro es que debe tratarse de un caso excepcional. Los abogados son generalmente hombres acostumbrados a las luchas morales, fuertes y decididos. Son combatientes que defienden las causas o los intereses que se le confían prescindiendo de asuntos personales o de familia, pero hay relaciones estrechas y momentos supremos que no deben ser ignorados por las cortes, y así cuando un abogado él mismo comparece en corte abierta y se dirige como en este caso a la conciencia de la corte y le dice que su esposa operada y su hijo moribundo requieren su presencia y no existe la más leve sombra de duda sobre la certeza de tal hecho, la corte debe dejar libre al abogado de su compromiso ante ella, garantizando desde luego el derecho de la otra parte. El juicio pudo transferirse para una fecha inmediata. Si existían testigos citados por la otra parte y dicha otra parte había incurrido en gastos, pudo imponerse como condición para la suspensión que esos gastos fueran satisfechos por la parte solicitante, pero la suspensión debió haberse decretado.

Siendo el expuesto el criterio que del caso hemos formado, procede, sin necesidad de considerar los otros errores, la revocación de la sentencia y la concesión de un nuevo juicio.

> *Revocada la sentencia apelada y ordenado un nuevo juicio.*

Jueces concurrentes: Sres. Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Wolf no intervino en la vista de este caso.