GONZÁLEZ, DEMANDANTE Y APELANTE, *v.* RIVERA, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Arecibo en un procedimiento de *injunction*.

No. 2670.—Resuelto en diciembre 22, 1922.

*Injunction* PARA RECOBRAR LA POSESIÓN—SOLARES CONCEDIDOS EN USUFRUCTO POR MUNICIPIOS.—A, dueño de una edificación levantada sobre solar cuyo usufructo concedido por el municipio había inscrito, fué despojado por B, que ostentaba también una concesión de usufructo, de una parte del solar, sobre la cual construyó una casa que no ocupaba en totalidad la superficie usurpada. *Se resolvió:* que mediante el recurso de *injunction* para recobrar la posesión, provisto por la Ley núm. 43 de 1913, A puede recobrar aquella parte de la superficie usurpada que no está ocupada por el edificio levantado en ella por B con el conocimiento y sin protesta por parte de A.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. L. Mercader.*

Abogado del apelado: *Sr. A. Brusi.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

La corte inferior, después de celebrar un juicio sobre los méritos del caso, declaró sin lugar la demanda en solicitud de un *injunction* para recobrar la posesión de una propiedad inmueble por las razones que a continuación se expresan:

"Considero que el demandante no tiene acción o derecho para obtener el *injunction* que solicita. El obtuvo la concesión del terreno en usufructo, para construir sobre el mismo el Teatro Cine, que ha edificado, y en esta posesión no se prueba que haya sido perturbado por el demandado, quien a su vez, sobre otra porción de terreno del solar, obtuvo de la Asamblea Municipal de Hatillo la concesión del mismo en usufructo por tiempo ilimitado para construir una casa en las condiciones indicadas en la solicitud, lo que ha venido veri-

ficando sin oposición alguna del demandante quien, según dice el testigo Luis Lamur, pasaba por allí todos los días sin decir nunca nada; manifestando también dicho testigo que allí no había cerca, sino unos postes muy separados.

"El objeto del *injunction*, que provee la ley No. 43 de 1913, en su sección 1ª. es para recobrar la posesión material de la propiedad inmueble, cuando una parte demuestra que ha sido privada de dicha posesión material, y en el caso presente, si bien el demandante ha demostrado, ser dueño de la casa teatro y tener la posesión material de la parte del solar que ocupa el edificio de dicho teatro cine, no' así la posesión material del terreno en que se construye la casa por el demandado, el cual la tiene por el mismo concepto y con igual razón legal que el demandante posee la otra parte de terreno ocupada por el referido teatro.

"No es además el presente un caso propio de injunction para recobrar la posesión material de propiedad inmueble, que establece la ley No. 43 de 1913. El procedimiento establecido en esta ley, tiene por objeto, lo que su mismo epígrafe indica, el recobrar la posesión material de propiedad inmueble, correspondiendo, por tanto, al llamado juicio de interdicto para recobrar de la legislación española, pero el caso que se nos presenta en la demanda, no es un un caso de interdicto o *injunction* para recobrar, sino propiamente constituye, el llamado 'Interdicto de Obra Nueva,' que es un interdicto prohibitorio para que se suspenda la obra comenzada a edificar en terreno ajeno, y esta clase de interdictos no puede sustituirse con el procedimiento de la ley No. 43 de 1913, y a falta del interdicto de Obra Nueva, que no existe, en tal forma, enunciado en nuestra ley, tales casos requieren el procedimiento de un juicio declarativo, a fin de poderse en el mismo determinar los derechos de las partes de acuerdo con las disposiciones del Código Civil que regulan la materia referente a la edificación en suelo ajeno, de todos modos caso distinto del presente, en que el suelo no es propiedad sino usufructo de ambos.

"La finalidad del injunction objeto de este juicio, es recobrar la posesión material, lo cual en este caso equivaldría a demoler lo edificado, y ello implicaría una declaración de derecho que requiere un juicio declarativo."

El peticionario había estado en posesión desde hacía unos dos años y tenía inscrito su título en el registro de la propiedad. El teatro está situado en la esquina del solar con

frente al oeste. La faja de terreno en controversia parece
haber estado en uso contínuo en relación con el funciona-
miento del teatro. Por detrás estaba ocupada por depen-
dencias exigidas por el departamento de Sanidad. Una pali-
zada que marcaba la colindancia del norte fué destruída por
el demandado. El peticionario explica la falta de una pali-
zada a través del frente diciendo que se le exigió conservar
abierto este espacio en toda la extensión del edificio como
salida en casos de emergencia. El hecho de que no protes-
tara por la construción de una casa desde el principio lo ex-
plica la manifestación adicional de que el peticionario se en-
contraba enfermo cuando el trabajo comenzó. El testigo
Luis Lamur es el carpintero empleado para construir la casa
por su dueño.

Para los fines de esta opinión, sin embargo, aceptamos
la conclusión de la corte inferior de que el peticionario no
hizo ninguna protesta a la edificación de la casa.

La crisis surgió cuando el dueño de la nueva construcción,
un policía insular, requirió al peticionario para que quitara
las dependencias que están en el fondo. Contra esto se dijo
que el demandado podría sacar su casa que estaba en vías de
construcción. El demandado entonces colocó los postes para
una palizada que cerraría el paso del teatro a las dependen-
cias. El peticionario entonces estableció éste procedimiento.

Claramente que la corte sentenciadora no tuvo en cuenta
la enmienda de 1917 haciendo extensivo el remedio de *injunc-
tion* a fin de comprender casos que no estén previstos en la
ley de 1913 como fué originalmente decretada. Ni según apa-
rece, se le ocurrió al juez sentenciador que la posesión de una
parte de la faja en controversia podría ser devuelta a la po-
sesión del peticionario sin perjuicio o injusticia para el de-
mandado.

Estamos satisfechos de que no se demostró una oposición
tal a la fabricación de la casa que dé derecho al peticionario al
remedio mediante la devolución del terreno realmente ocu-

pado de tal modo.   La ley aquí invocada tiene por fin pro-
teger a aquellas personas que han sido privadas de la pose-
sión sin su conocimiento o consentimiento, o que son amena-
zadas con semejante despojo o perturbadas en alguna otra
forma.   No puede permitirse a nadie que permanezca en si-
lencio mientras se construye una casa en su terreno con su
conocimiento o consentimiento tácito y que cuando la fabrica-
ción está para terminarse exija a una corte de justicia que le
dé posesión inmediata del mismo por medio de este procedi-
miento sumario que excluye toda cuestión de título o dere-
chos superiores en equidad.   Por otra parte, nadie aún
cuando sea un policía insular, puede exigir que su vecino le-
vante una construcción que le molesta del terreno del cual
está realmente en posesión dicho vecino y al negarse a cum-
plir con tal petición proceda a cercar el terreno así ocupado.
De sostenerse otra cosa se obligaría al que de tal modo ha
sido despojado a soportar la carga de demandante en una
acción en la cual tiene derecho a los beneficios consiguientes
al puesto más fácil y seguro de demandado.   El fin general
si no el principal de la ley de 1913 fué impedir que se obtu-
viera semejante ventaja indebida y dicha ley se adapta ad-
mirablemente a ese objeto.

La cuestión de título o derechos superiores o iguales por
razón de títulos contradictorios no está envuelta.

El peticionario estaba en posesión material del terreno en
controversia.   Esa posesión la acreditaba una palizada a lo
largo de uno de los lados, un teatro-cine en el otro con salidas
por la faja en disputa y dependencias en la parte del fondo
utilizadas de noche si no de día por los concurrentes al tea-
tro.   El propio demandado declaró que los postes que él co-
locó y a que se refiere el juez sentenciador eran postes de pa-
lizada y que su intención fué terminar dicha palizada.   Pri-
var al peticionario de éstas dependencias exigidas por la ley
o los reglamentos de sanidad que tienen fuerza de ley, podría

por lo menos equivaler a la clausura de su teatro por las autoridades sanitarias.

Debe revocarse la sentencia apelada y en su lugar orde·nar la de esta corte la completa protección del peticionario en su libre posesión, uso y disfrute de aquella parte de la faja en controversia que no esté ocupada por el edificio levantado en ella por el demandado.

*Revocada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Aso·ciados Wolf y Aldrey.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.