RAFAEL RIVERA RIVERA, demandante y apelante, *v.* RAMIRO VARGAS, demandado y apelado.

No. 5601.—*Sometido:* Diciembre 10, 1931. *Resuelto:* Febrero 26, 1932.

*F. Navarro,* abogado del apelante; *Pedro E. Anglade,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El presente es un caso de *injunction* para recobrar la posesión fallado por la Corte de Distrito de Guayama en contra del demandante. Este apeló, señalando en su alegato la comisión de cuatro errores.

Hemos estudiado cuidadosamente los autos y a nuestro juicio sólo hay envuelta en ellos una cuestión importante que fué la suscitada por la propia parte apelante al pedirle al juez sentenciador que reconsiderara su fallo.

Copiamos de la moción de reconsideración:

"Que en la opinión del caso emitida por esa Hon. Corte se dice lo siguiente:

" 'La prueba presentada en este caso demuestra que el demandante Rafael Rivera Rivera adquirió una porción de terreno en el barrio La Plata, de Aibonito, como de 50 cuerdas de terreno, la cual era propiedad del demandado Ramiro Vargas. Que éste, a pesar de la venta en cuestión y de haber entregado la finca referida a su comprador, ha permanecido en la misma con su familia en una casa situada en una porción de terreno de dicha finca de la cual alega ser dueño el demandado.'

"De modo que, de esta parte de la opinión de la Corte resulta demostrado .. . . que la finca de 50 cuerdas de terreno descrita en la demanda y vendida por el demandado al demanante fué entregada a éste y que no obstante la entrega, el demandado ha permanecido en la misma, en una casa situada en una porción de terreno de dicha finca, de la cual alega ser dueño el demandado.

"  *       *       *       *       *       *       *

"Asimismo entendemos que el hecho de ocupar el demandado una

casa cuya posesión no se reclamó en la demanda, no es por sí solo un motivo razonable para declarar sin lugar la demanda y puede ser reconsiderada esta sentencia declarándose con lugar la demanda en cuanto al terreno objeto del injunction y no en cuanto a la casa ocupada por el demandado lo cual sería objeto de otro procedimiento por parte del demandante.''

La corte de distrito se limitó a declarar la reconsideración sin lugar. La razón de su criterio se encuentra expuesta en su citada opinión como sigue:

''Siendo así los hechos de este caso y no apareciendo de los autos y de la prueba presentada que el demandante haya obtenido la posesión material de la porción de terreno ocupada por el demandado Ramiro Vargas, nos parece en un todo improcedente la acción que se ejercita en este caso.

''El injunction para recobrar la posesión a que hace referencia la Ley número 43 de 1913 con sus enmiendas por la Ley de 1917, ha venido a sustituir a los antiguos interdictos para retener y recobrar la posesión de la antigua Ley de Enjuiciamiento Civil Español y uno de los requisitos esenciales para poder ejercitar con éxito dicha acción, es que el demandante, dentro de los cuatro meses con anterioridad a la presentación de la demanda, esté en posesión real de la propiedad que en dicha demanda se describa.

''Y tal posesión, a nuestro juicio, comprende la posesión material o posesión de hecho y que de ella haya sido privado por el demandado por actos violentos o clandestinos de éste.

''La frase 'recobrar la posesión' envuelve, a nuestro juicio, el hecho de haber estado con anterioridad en posesión del demandante y mal puede un demandante recobrar una posesión material, la cual no tuvo nunca en su poder como ocurre en el presente caso.

''Es un principio también de ley que en los casos para recobrar la posesión no pueden discutirse cuestiones de propiedad, de título, ni de límites y colindancias. Si en el presente caso lo que existe es una contienda entre el demandante y el demandado con respecto a la extensión de sus respectivas propiedades, al trazado de la línea divisoria que debe fijarse entre las mismas, el procedimiento adecuado para determinar tales derechos, no es, a nuestro juicio, el injunction para recobrar la posesión y sí el juicio ordinario declarativo en el cual pueden las partes ampliar su prueba y resolver el juzgador, con conocimiento de toda ella, el derecho que asista a cada uno de los litigantes, ya que es principio de jurisprudencia que en

esta clase de procedimientos no pueden discutirse cuestiones de título ni de propiedad y que toda la prueba debe concretarse únicamente al hecho de la posesión material en que se encuentran las partes, dejando para el juicio ordinario la discusión de tales cuestiones.''

Lo que introduce confusión en la resolución de este caso es la conclusión a que llegara la corte en el párrafo de su opinión que en la moción de reconsideración se transcribe, y que sirve de base a la argumentación del apelante en esta Corte Suprema. El debate tal como quedó definitivamente planteado por las alegaciones coloca al demandado en una porción de terreno suya colindante con la entregada al demandante estando en disputa la fijación de la línea de la colindancia, mientras que el juez lo sitúa dentro de la finca vendida.

Pero aun así creemos que puede sostenerse la sentencia.

Si es cierto que la porción de que se trata está comprendida en la finca traspasada, el demandante podrá hacer valer sus derechos ante los tribunales en el juicio correspondiente, pero no en éste de *injunction* cuya naturaleza ha sido perfectamente fijada por la ley y la jurisprudencia. La prueba de que el demandante estuviera de hecho en la posesión material de la porción que reclama y la de que el demandado penetrara violentamente en ella y la ocupara en contra de la voluntad del demandante fué contradictoria, siendo el conflicto resuelto en contra del demandante.

No hemos perdido de vista lo dispuesto en el párrafo segundo del artículo 1365 del Código Civil, a saber, que cuando se haga la venta mediante escritura, como se hizo en este caso, el otorgamiento de la escritura equivaldrá a la entrega. Si realmente la porción ocupada pertenece a la finca, la compra y ese artículo confieren un perfecto derecho al demandante a reclamarla. Pero la reclamación, repetimos, no cabe hacerla dentro de este procedimiento de *injunction* limitado a recobrar o retener la posesión material de propiedad inmueble, debiendo alegarse y probarse de acuerdo con la ley:

'' *　　　*　　　*　　　*　　　*　　　*　　　*

''(1) Que el demandante, dentro del año precedente a la presentación de la demanda, estaba en la posesión real de la propidad que en dicha demanda se describe, si se trata de recobrarla, y estaba y está, si de retenerla.

''(2) Que ha sido perturbado o despojado de dicha posesión o tenencia.''

*Debe, pues, declararse sin lugar el recurso y confirmarse la sentencia recurrida.*

### EN RECONSIDERACION

Marzo 9, 1932.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Solicítase la reconsideración de la sentencia que esta corte dictara el 26 de febrero último confirmando en todas 'sus partes la apelada, a los solos efectos de eliminar el pronunciamiento de costas que la sentencia apelada contiene.

En primer lugar la parte apelante no señaló separadamente como constituvo de error el pronunciamiento que pide ahora que se revoque. Y en segundo lugar, el hecho de que quizá en el fondo asista la razón a la apelante en cuanto a su derecho de propiedad y posesión a las tierras de que se trata en el litigio, habiéndose desestimado su acción por no haber escogido el procedimiento adecuado para hacerlo valer, no es por sí solo bastante para revocar el ejercicio de su discreción por parte de la corte sentenciadora al condenar al demandante al pago de las costas.

Como cuestión de derecho la condena se sostiene. Y como

156

de acuerdo con la jurisprudencia de esta Corte Suprema puede la corte sentenciadora apreciar la mayor o menor temeridad de la parte condenada al pago al fijar la cuantía de los honorarios, queda aun a la apelante una oportunidad para invocar las circunstancias concurrentes en el caso y obtener una resolución de acuerdo con las mismas en la propia corte de distrito. (*Castro v. Societé Anonyme des Sucreries*, 34 D.P.R. 575.)

*No ha lugar a la reconsideración solicitada.*

El Juez Asociado Señor Aldrey está conforme con la resolución.