240

Manuel Méndez Ríos y Antonia Mujica de Méndez, demandantes y apelados, *v.* Fulgencio Piñero Rodríguez y Felipa Dávila de Piñero, demandados y apelantes.

No. 5685.—*Sometido:* Marzo 21, 1932. *Resuelto:* Marzo 24, 1932.

*F. Piñero* y *J. Valldejuli,* abogados de los apelantes; *A. Aponte,* abogado de los apelados.

EN MOCION DE RECONSIDERACION

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

La parte apelada solicitó la desestimación de la apelación establecida en este caso. Oídas ambas partes, se declaró la moción sin lugar. 43 D.P.R. 84. Solicitó la parte apelada que se reconsiderara la orden de esta corte. Se oyó de nuevo a ambas partes y se acordó la reconsideración, señalándose la vista de la moción para el 21 de marzo actual.

La orden de esta corte declarando no haber lugar a la desestimación se basó en una opinión que termina así:

"Tampoco la hay de que las siete prórrogas de treinta días que

se solicitaron para presentar el alegato fueron innecesarias porque examinado el finalmente presentado se concluye que pudo redactarse fácilmente dentro del término reglamentario, sin necesidad de prórroga alguna. Pero ello no es bastante cuando examinado el alegato en relación con la transcripción archivada se encuentra como en este caso que el error señalado no es frívolo *y hay base suficiente en los autos para resolverlo.*"

La parte apelante nos convenció de que en verdad no hay base suficiente en los autos para resolver el recurso. De ahí la reconsideración acordada y la desestimación que ahora se decreta.

La certificación de la transcripción finalmente archivada en esta Corte Suprema, dice:

"Nosotros, Arturo Aponte y Fulgencio Piñero Rodríguez, Abogados de las partes en el presente caso,

"CERTIFICAMOS: Que la que precede es una copia fiel y exacta de todos los documentos que forman el legajo de la sentencia y el escrito de apelación y su notificación, y para elevar para ante el Hon. Tribunal Supremo de Puerto Rico a virtud de la apelación establecida por los demandados, contra la sentencia dictada por esta Corte, firmamos la presente en Humacao, P. R., a 27 de abril de 1931.''

El único error que se alega es el cometido por la corte a juicio del apelante al negar su petición de suspensión de la vista del pleito y celebrarla en su ausencia. Ya se dice en la certificación que los documentos elevados constituyen el legajo de la sentencia. Y al indagar sobre el hecho concreto de la suspensión, encuéntrase la siguiente constancia de las minutas:

"Hoy 8 de enero de 1931, día señalado en calendario para la vista de este caso, comparecieron los demandantes en persona y representados por su abogado Arturo Aponte, no habiendo comparecido los demandados, ni abogado alguno que los represente, a pesar de haber sido llamados por el Márshal. En este acto el Secretario dió cuenta con una moción que ha radicado en el día de hoy el Lcdo. Fulgencio Piñero, solicitando la suspensión del juicio por motivos

de enfermedad, acompañando dicha moción de una certificación médica jurada.. El abogado de los demandantes se opuso a la moción de suspensión por no haber sido presentada en tiempo y forma, y la Corte la declaró sin lugar. Se continuó con la vista del caso, leyéndose las alegaciones, y practicada la prueba de los demandantes, la Corte se reservó su resolución.''

Eso es todo. Y la parte apelada sostiene con razón a nuestro juicio, que no es bastante, debiendo haberse preparado un pliego de excepciones o exposición del caso, ya que los motivos de oposición eran materia propia para el récord taquigráfico, y no se han traído a esta corte que no se encuentra por tanto en las mismas condiciones que la corte inferior para resolver la cuestión que ésta resolviera y que se pone en tela de juicio a virtud de la apelación establecida.

El caso de *Haraszthy* v. *Horton,* 46 Cal. 545 que cita la parte apelada, es enteramente aplicable, extendiendo lo dicho sobre pliego de excepciones a una exposición del caso y a una transcripción de la evidencia. En él se decidió:

''No procede una apelación de una resolución denegatoria de una suspensión.

''Una resolución denegatoria de una suspensión no puede ser revisada mediante una apelación de la sentencia a menos que exista un pliego de excepciones.

''Un extracto de las minutas del secretario firmada por el Juez en el curso del procedimiento diario no es un pliego de excepciones.

''Un pliego de excepciones contra una resolución denegatoria de una suspensión no es suficiente como alegación del supuesto error de negar la suspensión, a menos que contenga los *affidavits* que se sometieron en la vista de la moción.''

En *Gandía* v. *Stubbe,* 30 D.P.R. 109, invocado por la parte apelante, existía una exposición del caso.

*Debe desestimarse el recurso.*