María La O Solís Viuda de Alonso, demandante y apelante, *v.*
Juan Esquilín y Carlos Pacheco, demandados y apelados.

No. 6354.—*Sometido:* Abril 4, 1934. *Resuelto:* Junio 7, 1935.

*L. Muñoz Morales* y *Pedro G. Quiñones,* abogados de la apelante;
*M. García Cabrera,* abogado de los apelados.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Esta apelación fué interpuesta contra sentencia que declaró sin lugar una demanda de *injunction* para recobrar la posesión de un terreno.

Resulta de la prueba que la demandante María La O Solís Vda. de Alonso estaba en posesión desde diez años antes de presentar su demanda de un solar de 346 metros 65 centímetros cuadrados en la población nueva de Loíza, conocida por Canóvanas, que le había cedido dicho municipio, en cuyo terreno fabricó una casa. Algún tiempo des-

pués la demandante compró a dicho municipio el expresado solar, que le fué vendido como agrupación de los solares números 1 y 25 del plano de urbanización del municipio. Dos años después el demandado Juan Esquilín derribó la cerca de planchas de zinc y de alambre en el sitio correspondiente al solar núm. 1 y con el otro demandado se posesionaron de ese terreno con la oposición de la demandante y con la protesta expresa de ella de que fabricaran allí una casa por ser ella dueña y poseedora de ese terreno por compra al municipio, inscrita en el Registro de la Propiedad. Según los demandados el municipio de Loíza acababa de cederles el solar núm. 1 para fabricar en él. Entonces fué presentada la demanda de *injunction* para recobrar la posesión del solar núm. 1, cuya descripción hace.

Los motivos que tuvo la corte inferior para la sentencia que dictó fueron que si declaraba con lugar la demanda tendría que ordenar la demolición de la casa construída por los demandados ya que no podía conceder la posesión del solar y dejarlo ocupado por la casa; demolición que no podía ordenarse en esta clase de procedimiento: y que tampoco puede determinarse en este procedimiento si los demandados fabricaron de mala fe a los efectos de que hayan perdido lo edificado por ellos según el artículo 371 del Código Civil. En conclusión, entendió que la demanda de *injunction* o de interdicto para recobrar la posesión no es el remedio procedente en este caso y que la demandante tiene que reclamar su solar en un juicio ordinario donde pueda resolverse con respecto a la casa.

██ La ley concede a toda persona que es privada de la posesión material de un bien inmueble el derecho de recobrarlo mediante el procedimiento rápido y especial de una demanda de *injunction*. Artículo 690 del Código Civil, edición de 1930. Por consiguiente, habiendo sido despojada la demandante de la posesión del solar núm. 1 por actos de los demandados y con la protesta de ella, tiene derecho a que

en esa clase de procedimiento se le restituya la posesión que se le quitó, sin necesidad de establecer su reclamación en un juicio ordinario. Esa ley no contiene excepciones. Si los demandados creen tener algún derecho a la casa por haberla fabricado de buena fe en terreno de la demandante, o si se creen con derecho al expresado solar, son ellos los que tendrán que acudir a un juicio ordinario en reclamación de los derechos que crean asistirles. Ellos no pueden privar a la demandante del remedio que le concede la ley porque después de despojarla de su propiedad hayan fabricado una casa en el terreno que así ocuparon.

La parte demandante no pide que la casa sea destruída ni tal cosa podría declararse en este procedimiento. Lo mismo ocurre respecto a si los demandados construyeron de buena o de mala fe. Pero es indudable que la demandante tiene derecho a que se le restituya en la posesión del terreno de que le privaron los demandados, sin perjuicio de los derechos que asistan a éstos por la edificación que hicieron en el terreno de que despojaron a la demandante. En el caso de *González* v. *Rivera,* 31 D. P. R. 306, la Corte de Distrito de Arecibo tuvo casi los mismos fundamentos que en este caso ha tenido la corte inferior para negar la petición de *injunction.* Sin embargo, revocamos la sentencia y ordenamos que se restituyera al demandante en la posesión del terreno no ocupado por la casa que fabricó el demandado, porque no se demostró una oposición tal a la fabricación de la casa que diera derecho al peticionario al remedio mediante la devolución del terreno realmente ocupado de tal modo. En el caso presente la demandante se opuso tenazmente a la ocupación del terreno y a la fabricación de la casa.

*La sentencia apelada debe ser revocada y dictarse otra ordenando que la demandante recobre la posesión de todo el solar de que fué privada por los demandados, sin perjuicio de los derechos que puedan asistir a los que fabricaron la casa, con las costas.*