BENILDE LAMPÓN, demandante y apelante, *v.* LÍNEA ROMERO, compuesta de sus socios ANTONIO ROMERO y LUIS SUÁREZ, demandados y apelados.

Núm. 8399.—*Sometido:* Marzo 18, 1942. *Resuelto:* Abril 8, 1942.

*José C. Jusino,* abogado de la apelante; *Miguel A. Muñoz,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

La corte inferior declaró sin lugar la demanda sobre daños y perjuicios presentada por Benilde Lampón en contra de la Línea Romero y en este recurso sostiene la apelante que cometió error al tomar en consideración prueba sobre una presunta inspección ocular de la cual no se levantó acta, al apreciar la prueba y por ser la sentencia contraria a derecho.

En los autos no hay constancia de que la corte inferior levantara un acta de la inspección ocular que realizó a

petición de la demandante, pero tampoco la hay de que se planteara a dicha corte esta cuestión y se le pidiera la reconsideración de la sentencia por existir algún error en cuanto a los hechos a que el juez inferior hace referencia como constatados en dicha inspección en su relación del caso y opinión. Es ante esta Corte Suprema que por primera vez se plantea la cuestión, haciendo el abogado de la demandante en su alegato afirmaciones en cuanto a lo que, según él, realmente ocurrió en el momento de verificarse la inspección ocular.

Es cierto que hemos resuelto que las cortes de distrito al practicar una inspección ocular deben levantar un acta de la misma, *Martínez* v. *Rodríguez,* 26 D.P.R. 6, pero tanto en dicho caso como en el de *Figueroa* v. *Vives & Maxan,* 46 D.P.R. 240, también resolvimos que cuando no se presenta una moción de nuevo juicio o las circunstancias demuestran que el error no fué perjudicial, no procede la revocación. Bajo los hechos concurrentes en el caso de autos, la apelante debió solicitar la reconsideración de la sentencia o la concesión de un nuevo juicio ante la corte inferior para que con vista de los autos esta Corte pudiera resolver si se cometió el error imputado.

■ Los otros dos señalamientos se refieren a la apreciación de la prueba por la corte inferior y ésta, en su opinión, fundamentó sus conclusiones en esta forma:

"A pesar de que existe un conflicto de evidencia respecto a la forma en que era conducido el vehículo de los demandados, la corte resuelve dicho conflicto en favor de los demandados porque, además de haber observado sobre el terreno, que la guagua subía una pendiente y de haberse demostrado por las declaraciones de los testigos de los demandados que dicha guagua caminaba cargada con 17 ó 18 pasajeros, por lo que no podía, subiendo una pendiente, caminar a velocidad exagerada, los testigos de los demandados manifestaron que dicha guagua no era conducida a velocidad exagerada, sino más bien despacio, tocando *klaxon,* circunstancias todas éstas que al ser comparadas con aquellas que ponen de manifiesto los testigos de la demandante, llevan a la corte a resolver dicho conflicto en la forma en que se ha expresado.

"Además, la corte es de opinión que existe una preponderancia de prueba en favor de los demandados respecto a la forma en que ocurrió el accidente. Considerando la preponderancia de la prueba, la corte llega a la conclusión de que el *chauffeur* que guiaba la guagua propiedad de los demandados se confrontó con una situación inesperada al enfrentarse en la entrada de una alcantarilla en donde existe un precipicio en la forma en que se ha descrito, con un carro que caminaba en dirección contraria, el cual no había dado señales de aviso, porque así mismo aparece de la prueba, viéndose obligado de esta manera el *chauffeur* de la guagua a tirar su vehículo todo lo más posible a la derecha para no tocar el vehículo que caminaba en dirección contraria, evitando así una verdadera tragedia, ya que de haber chocado dicho automóvil que también ocupaba el centro de la carretera según se puso de manifiesto por la prueba de los demandados, hubiera ido a parar al precipicio ocasionándole de esta manera una muerte segura a todos sus ocupantes.

"\* \* \* \* \* \* \* \*

"La corte ha llegado también a la conclusión por toda la prueba, de que el *chauffeur* que guiaba la referida guagua hizo todo cuanto pudo por evitar el choque con el muro de la derecha de la alcantarilla, llegándolo a tocar solamente pero no en condiciones violentas, todo lo cual demuestra que ejercitó el debido cuidado para evitar dicho choque, . . ."

Hemos leído la transcripción de evidencia y somos de opinión de que no incurrió en error la corte inferior al dar crédito a las declaraciones de los testigos de los demandados y que los motivos que tuvo para desestimar la demanda están ampliamente sostenidos por dicha prueba. Tres de dichos testigos no tenían relación alguna con los demandados, pues dos eran pasajeros que viajaban en la guagua al igual que la demandante y el otro era caminero empleado del Departamento del Interior. Sus testimonios, al ser creídos por la corte inferior, a quien no se imputa por la apelante pasión, prejuicio o parcialidad, son suficientes para sostener la sentencia dictada en este caso.

*Procede desestimar el recurso y confirmar la sentencia apelada.*

El Juez Asociado Sr. Travieso no intervino.