NIEVES RIVERA, en representación y en su carácter de apoderada de CATALINA RIVERA, demandante y apelada, *v.* BIENVENIDA CANCEL, demandada y apelante.

Núm. 9492.—*Sometido:* Diciembre 4, 1947. *Resuelto:* Marzo 8, 1948.

*Benjamín Ortiz* y *Álvaro Ortiz,* abogados de la apelante; *Manuel Torres Reyes,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

A la demanda de *injunction* para recobrar la posesión de una estrecha faja de terreno radicada por Nieves Rivera,

en representación y en su carácter de apoderada de Catalina Rivera, interpuso la demandada Bienvenida Cancel las defensas de que la corte carecía de jurisdicción por no haberse cumplido con las Reglas de Enjuiciamiento Civil; de que la demanda no aduce hechos suficientes constitutivos de causa de acción y de que el emplazamiento expedido es nulo por no apercibírsele a la demandada que de no contestar la demanda la demandante puede obtener sentencia concediendo el remedio solicitado. Dichas defensas fueron declaradas sin lugar por la corte inferior y luego de un juicio en sus méritos se dictó sentencia contra la demandada.

En el alegato radicado en apoyo de su recurso imputa la demandada ocho errores a la corte inferior, siendo los dos primeros que dicha corte erró al declarar sin lugar las mociones a que antes hemos hecho referencia.

■ Tiene razón la apelante al sostener que si bien bajo la Ley proveyendo Procedimientos para Recobrar la Posesión de Propiedad Inmueble (Núm. 43 de 13 de marzo de 1913, pág. 85, según fué enmendada por la Ley núm. 11 de 14 de noviembre de 1917, Vol. II, pág. 221—Arts. 690 a 697 del Código de Enjuiciamiento Civil, Edición de 1933—), la corte inferior estaba facultada para señalar el juicio rápidamente y para citarlo para una comparecencia sumaria, tal cosa no es posible hoy en día bajo las Reglas de Enjuiciamiento Civil, que de manera expresa se hicieron extensivas a recursos de injunction de esta naturaleza.(¹) Igualmente, al insistir en que la cuestión relativa a los defectos de un emplazamiento o su diligenciado no es renunciada por el hecho de unirse otras mociones a aquélla en que se plantea la existencia de tales defectos. Esto último es así, porque aunque bajo el Código de Enjuiciamiento Civil la persona que impugna un emplazamiento renuncia a tal impugnación y se somete a la jurisdicción del tribunal cuando en adición a su comparecencia especial con tal fin lo hace generalmente

(¹)Véanse las Reglas 81 y 12(a).

368

con cualquier otro propósito,(²) bajo la núm. 12 de las Reglas de Enjuiciamiento Civil "No se entenderá renunciada ninguna defensa u objeción por el hecho de haber sido acumulada a otra u otras defensas u objeciones en una alegación responsiva o moción". Véanse además Moore's *Federal Practice*, Vol. 1, 648, 649; *Klein* v. *Hines*, 1 F.R.D. 649; *Blank* v. *Bitker*, 135 F.2d 962, 966; *Keefe* v. *Derounian*, 6 F.R.D. 11. Según ese principio, el hecho de que al impugnar el emplazamiento la demandada radicara otra moción para desestimar la demanda por falta de jurisdicción, basada en que no se había cumplido con las Reglas de Enjuiciamiento Civil, y por no aducir ésta hechos suficientes constitutivos de causa de acción, no equivalió a una renuncia del escrito impugnando el emplazamiento, ni a un sometimiento a la jurisdicción de la corte inferior.

■ Empero, el emplazamiento expedido no ha sido elevado a este Tribunal. No sabemos en verdad qué decía éste ni cómo el mismo fué diligenciado. La apelante no nos ha puesto, por tanto, en condiciones de resolver adecuadamente sus dos primeros señalamientos y por ese único motivo los mismos deben ser declarados sin lugar en tanto en cuanto se refieren a la falta de jurisdicción en la Corte de Distrito de Bayamón y a la nulidad del emplazamiento. *Pueblo* v. *Ríos*, 67 D.P.R. 350; *Pueblo* v. *Otero*, 67 D.P.R. 404; *Lafont* v. *Bird*, 57 D.P.R. 142, 146; *Acevedo* v. *Romero*, 54 D.P.R. 549 y *Méndez* v. *Piñero*, 43 D.P.R. 240.

■ Por otra parte, la alegación de que la demanda no aduce hechos constitutivos de una causa de acción debe ser declarada sin lugar, toda vez que un examen de tal demanda nos convence de que ella contiene las alegaciones pertinentes a una acción de esta naturaleza.

■■ Los errores 3, 4, 5 y 6 son al efecto de que la corte inferior cometió error (3) al declarar con lugar la demanda;

---

(²)*Bas* v. *Corte Municipal*, 50 D.P.R. 315 y *De Choudens* v. *Portilla*, 55 D.P.R. 109, 118.

(4) al apreciar la prueba; (5) al declarar con lugar la demanda a base de conclusiones sobre cuestiones de derecho que no pueden ser consideradas ni resueltas en un procedimiento de injunction posesorio y (6) al basar su opinión en la conclusión de que una de las paredes del garage edificado por la demandada está construída sobre un respiradero para el sistema de inodoros de la casa de la demandante y sobre tubería de la casa de ésta y al resolver el caso tomando como base la conclusión de que dicha pared, de seguir elevándose, tropezaría con los aleros de la casa de la demandante. Estos errores son discutidos conjuntamente por la parte apelante y así lo haremos nosotros.

En recursos de esta naturaleza, según repetidamente hemos decidido, se discute tan sólo el hecho de la posesión, mas nunca el derecho a tal posesión, ni el título o dominio al inmueble objeto del recurso. *Solís Vda. Alonso v. Esquilín,* 48 D.P.R. 605; *Pérez v. Marrero,* 47 D.P.R. 456; *Rivera v. Vargas,* 43 D.P.R. 151; *Vicente v. Ortiz,* 38 D.P.R. 106; *Pérez v. Pérez,* 38 D.P.R. 753; *Vázquez v. Rivera,* 37 D.P.R. 804; *Oliver Cuveljé v. González,* 37 D.P.R. 936; *Solís v. Castro,* 36 D.P.R. 105; y *González v. Rivera,* 31 D.P.R. 306.

La corte inferior, que oyó el testimonio de los testigos y que practicó una inspección ocular a instancias de las partes, dirimió el conflicto que surgió en la prueba. Así se desprende claramente de los siguientes párrafos de la opinión por ella emitida:

"La prueba, a juicio de la Corte, ha demostrado que a la parte demandante le sobra la razón en este asunto. No solamente la prueba testifical, sino la prueba documental y muy especialmente la inspección ocular que hizo la Corte, han convencido a ésta, más allá de toda duda, que la demandante ha sido despojada de la posesión y disfrute de la faja de terreno en controversia.

La casa de la demandante es de antigua construcción. A la derecha entrando y en el callejón en controversia existe un respiradero para el sistema del inodoro de su casa. Además, existen

tuberías que salen de la casa de la demandante y están sobre el callejón en controversia. La parte demandada le ha montado encima de esto una de las paredes de su garage. La pared izquierda del garage está recientemente construída sobre el nombrado respiradero. La pared de referencia, si se sigue elevando, tropezaría con los aleros de la casa de la demandante. Visto el sitio, claramente se ve, que la demandante necesariamente estaba, de mucho tiempo atrás, en posesión de la faja de terreno en donde la demandada está construyendo un garage.

En resumen, la Corte llega a la conclusión que la parte demandante estuvo en la posesión material de la faja de terreno descrita en su demanda y objeto de este litigio con un año de antelación a la radicación del mismo en la Corte."

A nuestro juicio sus conclusiones están sostenidas por las declaraciones de los testigos de la demandante y por las apreciaciones que ella hizo como resultado de la inspección ocular efectuada. *Lampón* v. *Línea Romero,* 60 D.P.R. 212 y *Fajardo Sugar Co.* v. *Central Pasto Viejo, Inc.,* 41 D.P.R. 825.

La demandada insiste también en que la corte inferior ha dado demasiado énfasis a sus propias observaciones, derivadas de la referida inspección ocular. Precisamente para que el juez sentenciador se forme una idea más exacta de toda la situación envuelta es que se practica la inspección ocular y no constituye error el hecho de que la corte tome en consideración las observaciones que ella haga en el curso de la misma, según constan del acta levantada. *Caneja* v. *Rosales & Co.,* 19 D.P.R. 270, 272; *Estela* v. *Mario Mercado e Hijos,* 44 D.P.R. 562.

Alega asimismo la demandada que toda vez que las Reglas de Enjuiciamiento Civil son aplicables a los interdictos para recobrar o retener la posesión y que puesto que ha desaparecido el carácter sumario de este procedimiento, la corte inferior ha debido resolver no sólo el hecho de la posesión sino también el derecho al título a la faja de terreno envuelta. No tiene razón la apelante. Las Reglas de Enjuiciamiento Civil meramente fijan el procedimiento a se-

guirse y nada tienen que ver con los derechos substantivos de las partes. El hecho de que el procedimiento haya dejado de ser sumario no altera en forma alguna el principio de que en recursos de esta naturaleza meramente se dilucida el hecho de la posesión.

█ Finalmente sostiene la demandada que la corte inferior no debió haberle condenado al pago de honorarios de abogado. Dada la apreciación que de la prueba hizo la corte inferior no estamos justificados en llegar a la conclusión de que la demandada no fué temeraria al defenderse en este litigio. Ley 94 de 11 de mayo de 1937, pág. 239.

*Debe confirmarse la sentencia apelada.*