Inés Mena y su esposo Marcelino Blanco, demandantes y apelantes, *v.* Elías Llerandi Rivero, demandado y apelado.

Núm. 9776.—*Sometido:* Diciembre 21, 1948. *Resuelto:* Junio 24, 1949.

*G. Zeno Sama,* abogado de los apelantes; *J. M. Terrasa,* abogado del apelado.

El Juez Asociado Señor Negrón Fernández emitió la opinión del tribunal.

Alegando que el demandado Elías Llerandi Rivero había realizado actos de perturbación de la posesión de un solar propiedad de los demandantes, el 5 de junio de 1946 Inés Mena y su esposo Marcelino Blanco iniciaron en la corte inferior acción de *injunction* para retener la posesión del referido inmueble. Los actos de perturbación se alegaron realizados por el demandado personalmente y por empleados suyos bajo sus órdenes, de manera violenta y bajo amenaza, consistiendo los mismos en haber el demandado penetrado en el solar de los demandantes y contra su voluntad y sin el consentimiento de éstos colocado varios puntos de hierro en una de las esquinas de dicho solar, colindante con uno del demandado, y abierto una zanja en el mismo.

El 17 de junio de 1946, día señalado para la vista, las partes firmaron un convenio de deslinde extrajudicial tanto del solar de los demandantes como del contiguo del demandado, por considerar este último que había confusión del lindero común entre dichos solares. En dicho convenio las partes, de común acuerdo, designaron al ingeniero don Manuel Morell para verificar el deslinde convenido y para que procediera a fijar los puntos de colindancia entre ambos solares, de acuerdo con los planos de la urbanización de que formaban parte, y los respectivos títulos. Como cláusula 6ta. de dicho convenio se incluyó la siguiente:

"El perito que se nombre deberá levantar el correspondiente plano de mensura y librar una certificación de dicha mensura, que será entregada a las partes. Los honorarios del perito serán satisfechos totalmente por la parte a quien le sea adverso el dictamen pericial, *cuya decisión será definitiva para ambas partes.*" (Bastardillas nuestras.)

Rendido el dictamen por el ingeniero Morell el mismo no fué aceptado por los demandantes por considerar que en él había errores fundamentales, en vista de lo cual se imponía

una rectificación del trabajo hecho por él, o la realización de una nueva mensura. A la fecha en que el dictamen del ingeniero Morell fué entregado a los demandantes dicho profesional había fallecido. Ante la inconformidad de los demandantes con dicho dictamen el demandado sugirió que cada una de las partes designase un nuevo perito "para discutir el dictamen pericial sobre el terreno, para ver si es posible aclarar los conceptos para poder terminar este asunto."

' En ese estado las cosas, el 10 de noviembre de 1947 el demandado solicitó del tribunal la desestimación de la acción, alegando que en virtud del convenio extrajudicial de deslinde dicha acción se había hecho académica. Celebrada una vista el 17 de noviembre de 1947 el demandado insistió en su moción. Deseando cerciorarse el tribunal en cuanto al extremo de si realmente habían acordado las partes una transacción del litigio, celebró otra vista el 24 del mismo mes en la que el demandado ofreció como prueba el convenio de deslinde extrajudicial. Los demandantes, por su parte, sostuvieron que en el referido convenio de deslinde no se expresaba que los demandantes renunciaran a la acción de injunction que habían iniciado, ofreciendo en evidencia una carta que en 30 de junio de 1946 le dirigiera a su abogado el del demandado sugiriendo la designación de nuevos peritos para discutir el dictamen pericial del ingeniero Morell. Como consecuencia de estas vistas la corte dictó una resolución incidental por la cual, en consideración a las objeciones que al dictamen del ingeniero Morell hicieron los demandantes y a la propuesta sobre designación de nuevos peritos por el demandado, dispuso que cada una de las partes designara un perito para "emitir un informe a la Corte sobre el dictamen del ingeniero Morell, estudiando el mismo sobre el terreno de los solares, y una vez recibido por la Corte ese informe y notificado a las partes, se resolverá, previa vista en corte, lo pertinente. El nombramiento hecho por cada parte a su perito, se consignará por un escrito común, presentado a la

Corte, en que aparezcan las firmas de los abogados y de las partes, conviniendo en que si el dictamen es de conformidad por ambos peritos, se aceptará por las partes definitivamente; y si no están acorde, cada perito rendirá su opinión y decidirá la Corte."

Celebrada nueva vista el 16 de enero de 1948 fueron ofrecidos y admitidos en evidencia los informes tanto del ingeniero Morell como de los nuevos peritos designados por las partes a tenor con la resolución incidental ya referida, cuya designación había aprobado el tribunal previamente. Con anterioridad a la citada vista, los demandantes habían sometido a la corte inferior "para que el tribunal decida lo que sea procedente," el informe de su perito, por no haberse éste y el del demandado puesto de acuerdo.

Declarada sin lugar la demanda, apelaron los demandantes, imputando a la corte inferior haber cometido error (1) al dictar la resolución incidental de 3 de diciembre de 1947 por la que se ordenó a las partes la designación de nuevos peritos para rendir informe sobre el dictamen del ingeniero Morell; (2) al disponer, por orden de 5 de enero de 1948, que se presentaran en evidencia los referidos informes y que una vez presentada dicha prueba las partes sometieran el caso a la decisión de la corte, y (3) al dictar sentencia declarando sin lugar la demanda sin haber celebrado juicio y ni oír prueba sobre las alegaciones de la misma, limitándose a resolver un incidente de deslinde dentro de un injunction para retener la posesión.

■■ Los demandantes exponen correctamente la ley al sostener que bajo una acción civil que se limita a hacer las alegaciones propias del interdicto para retener o recobrar la posesión, tan sólo se discute el hecho de la posesión misma y nunca el título o dominio al inmueble objeto del recurso. *Rivera* v. *Cancel,* 68 D.P.R. 365; *Maldonado* v. *Colón,* 68 D.P.R. 340; *Martínez* v. *Martínez,* 68 D.P.R. 203; *Solís Vda. Alonso* v. *Esquilín,* 48 D.P.R. 605; *Pérez* v. *Marrero,*

180

47 D.P.R. 456; *Rivera* v. *Vargas*, 43 D.P.R. 151; *Vicente* v. *Ortiz*, 38 D.P.R. 106; *Pérez* v. *Pérez*, 38 D.P.R. 753; *Vázquez* v. *Rivera*, 37 D.P.R. 804; *Oliver Cuveljé* v. *González*, 37 D.P.R. 936; *Solís* v. *Castro*, 36 D.P.R. 105; y *González* v. *Rivera*, 31 D.P.R. 306. Sin embargo, bajo la Regla 15(*b*) de las de Enjuiciamiento Civil "Cuando con el consentimiento expreso o implícito de las partes o por orden de la corte se someten a juicio cuestiones litigiosas no suscitadas en las alegaciones, tales cuestiones se considerarán a todos los efectos como si se hubiesen suscitado en las alegaciones. La enmienda de las alegaciones que fuere necesaria para conformarlas a la evidencia y para suscitar dichas cuestiones, puede hacerse a moción de cualquiera de las partes en cualquier tiempo, aun después de dictarse sentencia; pero la omisión de enmendar no afectará el resultado del juicio en relación con tales cuestiones. . .". En el caso de autos no hubo solicitud alguna de enmienda a la demanda. De hecho, tampoco hubo contestación del demandado. En su lugar, las partes suscribieron el convenio de deslinde extrajudicial ya mencionado y procedieron posteriormente en el tribunal inferior a ventilar la controversia sobre el lindero común entre sus respectivos solares. Los demandantes, luego de haber comparecido en moción sobre designación de peritos, con posterioridad a la resolución incidental de 3 de diciembre de 1947, sometieron el dictamen de su perito a consideración del tribunal para que éste decidiera lo procedente. En ninguna de las vistas celebradas los demandantes ofrecieron prueba para sostener las alegaciones de su demanda original de injunction. Por el contrario, su posición, al igual que la del demandado, fué de que se resolviera la confusión sobre el lindero común de ambas propiedades. Así aparece del récord en relación con la última vista celebrada.

Si bien la corte inferior utilizó en su opinión cierto lenguaje que tiende a demostrar que al resolver el caso consideraba aún la acción como una típicamente de injunction pose-

sorio, decidió en efecto que los puntos de hierro puestos por el demandado en el solar que los demandantes alegaron le pertenecía, lo fueron en el del demandado, por lo cual los actos de perturbación alegados por los demandantes, no existían. Por tanto, de acuerdo con la Regla 15(*b*) arriba citada debemos considerar que las alegaciones de la acción civil (Regla 2 de las de Enjuiciamiento Civil) que los demandantes titularon injunction para retener, quedaron enmendadas por la prueba sometida en cuanto al deslinde. 3 Moore, *Federal Practice,* sec. 15.3, pág. 843 *et seq. Cf. Núñez* v. *Benítez, Rector,* 65 D.P.R. 864; *Rovira* v. *Oliver,* ante, pág. 113. Siendo ello así, carece de méritos el error señalado de que el tribunal inferior dictó sentencia sin oír prueba sobre las alegaciones de la demanda en su forma original.

■ Igualmente carecen de mérito los otros dos errores señalados, dirigidos a impugnar la resolución incidental de 3 de diciembre de 1947 y la orden de 5 de enero de 1948. Por la primera, se ordenó a las partes que designaran peritos para emitir un informe sobre el dictamen del ingeniero Morell, y por la segunda se señaló una vista para que las partes ofrecieran en evidencia tales informes. Habiendo los demandantes actuado de conformidad con dichas resolución y orden, sin protesta de su parte, sometiéndose a, y cumpliendo con sus términos, no pueden ahora quejarse en apelación de actuaciones de la corte con las que estuvieron conformes. 3 Am. Jur., *Appeal and Error,* secs. 874, 879.

*No existiendo los errores señalados, procede la confirmación de la sentencia.*