GERMÁN ORTIZ, demandante y apelado, *v.* PEDRO G. QUIÑONES, demandado y apelante.

No. 4812.—*Sometido:* Marzo 7, 1930. *Resuelto:* Junio 27, 1930.

*P. G. Quiñones,* abogado del apelante; *L. Tirado,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Germán Ortiz demandó a Pedro G. Quiñones en cobro de dinero y solicitó una orden decretando el aseguramiento de la sentencia que pudiera dictarse en el pleito. La demanda se radicó el 27 de junio de 1928. En igual fecha se solicitó y decretó la orden de aseguramiento, para ser cumplida previa prestación de una fianza de mil dólares. La fianza se prestó, y se trabó embargo en bienes del demandado.

Así las cosas, el 12 de septiembre de 1928, el demandado solicitó de la corte que declarara nulo el embargo porque la fianza que le sirvió de base se suscribió el 25 de junio de 1928, o sea dos días antes de radicarse la demanda en el pleito, y era ambigua e insuficiente.

La corte oyó a ambas partes sobre la moción y resolvió, el 9 de octubre de 1928, que la fianza era, en efecto, ambigua, pero dejó el embargo subsistente por cinco días, durante los cuales el demandante podría prestar otra fianza. El 13 de octubre la nueva fianza fué prestada, y el 18 el demandado apeló de la resolución del 9.

Tres errores señala el apelante en su alegato. Por el primero sostiene que la fianza era enteramente nula, por haber sido firmada dos días antes de radicarse la demanda.

No hay duda alguna que una fianza que habla de un pleito que aún no se ha iniciado, como si existiera, y de una orden sobre aseguramiento, que no ha sido dictada, como si estuviera en todo su vigor, es algo extraño a la verdad que una vez advertido o impugnado no debe permitirse que quede en pie, pero si se considera el fin que se propone el demandante al pedir el aseguramiento y la práctica de solicitarlo al radicarse la demanda, yendo preparado el demandante para trabar cuanto antes el embargo con una fianza

cuya cuantía se conoce generalmente por la pauta seguida por la corte en casos similares, el hecho quedará explicado.

En el caso de *Wheeler* v. *Farmer,* 38 Cal. 203, 215, la Corte Suprema de dicho estado se expresó así:

"El único señalamiento de error que resta, se basa en la pretendida insuficiencia del *affidavit* para el embargo. La objeción de que el *affidavit* se verificó antes del comienzo del litigio, es evidentemente insostenible. Aunque, de acuerdo con nuestro código, un mandamiento de embargo no puede propiamente expedirse, sino hasta después del comienzo de un litigio, al cual es únicamente subsidiario, no obstante, parece no haber objeción válida a la completa preparación de todos los documentos requeridos para un mandamiento de embargo, antes, o al tiempo de prepararse la demanda, de manera que el *affidavit* y la fianza no se radiquen con antelación a la demanda original, y que el mandamiento no se libre con anterioridad al emplazamiento, y a la copia certificada de la demanda de que es incidental."

A nuestro juicio la fianza no era enteramente nula como sostiene el apelante, pero sí defectuosa, y la corte debió haber ordenado que el defecto se corrigiera dentro de un plazo razonable y no resolver, como resolvió, que la práctica seguida estaba autorizada por la ley.

Un litigante puede tener toda la documentación lista para ser firmada en el momento preciso. Pero no puede permitírsele que altere la verdad, y constituye una alteración de la verdad el sostener que ocurrieron el 25 de junio de 1928, hechos que acaecieron dos días después. Aclarado todo, de acuerdo con la jurisprudencia puede permitirse que la verdad se establezca, y como la corte de distrito de hecho decretó la sustitución de la fianza por otra, por estimar que era ambigua en cierto extremo, quedó cumplido lo que la buena práctica exige.

Por el segundo señalamiento de error sostiene el apelante que una vez que la corte de distrito decretó que la fianza era ambigua, no pudo dejar subsistente el embargo.

Todo depende de en qué consiste la ambigüedad. Al razonar su resolución, la corte sentenciadora expresó:

"En cuanto a la ambigüedad con que aparece en el documento de fianza el nombre y la propiedad de uno de los fiadores, creemos que el demandado tiene razón. La circunstancia de firmar E. Fuertes y decir bajo juramento que tiene una casa en Santurce, carretera nueva, no es suficiente. No puede el demandado investigar ni al fiador ni a su propiedad, para cerciorarse de la certeza de la obligación que contrae. El hecho de que aparezca jurada ante el notario, que como abogado representa al demandante, no añade ni robustece legalidad alguna a la fianza, ni enmienda la ambigüedad. La fianza debe ser clara, específica, expresa y el demandado debe estar en condiciones de poder conocer quién es el fiador y qué propiedad da en garantía. La objeción está bien levantada."

Siendo ello así, estimamos que la ambigüedad era de tal naturaleza que si bien exigía una enmienda, permitía entrever la validez del documento, pudiendo la corte, en bien de la justicia, arriesgarse a dejar subsistente el embargo por el breve plazo de cinco días.

Esta cuestión de la subsistencia del embargo también debe ser considerada en relación con el primer señalamiento de error, a la luz de si los derechos del demandado quedaron debidamente garantidos. Para sostener la afirmativa bastará citar las siguientes autoridades, que tomamos del alegato de la parte apelada. Resuelven:

"Cuando la fianza ha cumplido sus fines, de obtener el embargo, o la liberación de la propiedad, no se considerará invalidada por cualquier irregularidad en los trámites, sino que más bien se resolverá, en una acción en que se trata de hacer responsables a los fiadores, que éstos están impedidos de alegar tal irregularidad como defensa." 2 R.C.L. 888.

"La falta por parte de los fiadores, de justificar su responsabilidad, en una fianza para verificar un embargo, es una mera irregularidad, que puede remediarse, y no invalidará, ni la fianza, ni los procedimientos con motivo del mandamiento de embargo." Baxter v. Smith, 2 Washington T. 97, 4 Pac. 35.

"Aunque la fraseología de una fianza sea vaga o incierta, sin embargo, si tomándose en consideración el fin para el cual ha sido prestada, y en conexión con la prueba aducida para explicar el lenguaje usado, los términos y condiciones de la misma pueden precisarse y determinarse con certeza, el documento se considerará válido; es sufi-

ciente, si la intención de las partes aparece con claridad, aunque no se exprese en forma concreta y determinada." 9 C.J. 9, Sec. 5.

El tercero y último de los errores señalados se refiere a que la fianza no era suficiente por razón de su cuantía.

En la demanda se reclaman $549.74, con más los intereses y costas que se fijan luego en $350. La fianza exigida y prestada fué de mil. Se practicó prueba, y la corte ratificó su juicio. Quizá debió ser algo más subida, pero no creemos que debamos intervenir con la discreción de la corte en este extremo, en ausencia de un manifiesto error o injusticia notoria.

*Por virtud de todo lo expuesto, debe confirmarse la resolución recurrida.*

Los Jueces Asociados Señores Wolf y Texidor disintieron.*

EN RECONSIDERACION
Julio 10, 1930.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Se solicita la reconsideración de la sentencia de esta corte de junio 27, último, por virtud de la cual se confirmó la resolución apelada. Se insiste en la anterior argumentación y se asegura que la jurisprudencia de California sos-

---

* NOTA: Véase el prefacio.

tiene la posición del apelante, citándose el caso de *Tibbet* v. *Tom Sue*, 122 Cal. 206, en el cual la Corte Suprema del estado se expresó así:

"El querellado solicita el privilegio de enmendar la fianza, si ésta se considerara defectuosa por esta corte. Con tal fin invoca la sección 473 del Código de Enjuiciamiento Civil, en donde se permiten enmiendas a alegaciones o procedimientos en bien de la justicia. Al hablar de una solicitud para anular un mandamiento de embargo, dice el código: 'Si en virtud de tal solicitud aparece satisfactoriamente que la orden de embargo fué impropia o irregularmente expedida, ésta debe ser anulada.' (Código de Enjuiciamiento Civil, sec. 558.) Esta sección se dirige específica y expresamente a la materia de embargos. Debe sostenerse que regula y limita las disposiciones generales de la antedicha sección 473. La legislatura ha declarado cuál debe ser la actuación de la corte bajo las circunstancias aquí presentadas, y tal actuación requiere que la orden sea levantada. En *Winters* v. *Pearson*, 72 Cal. 553, se dice que el *affidavit* en un embargo no es enmendable. La fianza prestada para efectuarse un embargo se encuentra en las mismas condiciones."

Sin embargo, hay una gran diferencia entre los hechos del caso de California y los de este caso. En el de California: "La fianza prestada al trabarse el embargo no demuestra que los fiadores sean propietarios de bienes inmuebles." En éste se trataba de una mera ambigüedad; se cumplió con el requisito exigido por la ley, apareciendo la condición de propietario de uno de los fiadores en forma enteramente correcta y consignándose en cuanto al otro que era dueño de una casa en la carretera nueva de Santurce. Lo que la corte consideró que faltaba era una más específica expresión del sitio de la propiedad, y permitió la enmienda.

Además, la sección 558 del Código de Enjuiciamiento de California, en que la Corte Suprema basa su decisión en el caso de Tibbet, *supra*, forma parte del capítulo sobre "Attachment," omitido en nuestro Código de 1904, y de no haberse omitido no tendría aplicación tal como se cita en la decisión, que es de 1898, porque fué enmendada en 1901, agregándole lo que sigue: "proveyéndose, sin embargo, que cuando una

irregularidad en el procedimiento pueda ser corregida por enmienda, tal enmienda puede permitirse, sujeta a lo dispuesto en la sección cuatrocientos setenta y tres,'' y la sección 473 es el bien conocido y muchas veces interpretado por esta corte, artículo 140 de nuestro Código de Enjuiciamiento Civil.

Para un estudio más amplio sobre cuáles irregularidades y defectos son los que convierten en nulos los embargos, véase la nota al caso de *Fridenberg* v. *Pierson* (18 Cal. 152) que comprende las páginas 164 a 174 del volumen 79 de American Decisions.

En cuanto a la fecha de la fianza, bastará recordar que si bien es un hecho que fué preparada con anterioridad en la forma y a virtud de las circunstancias expresadas en nuestra opinión de 27 de junio último, no se hizo valer, ni surtió efecto alguno hasta después de presentada la demanda y decretado el aseguramiento de la sentencia que pudiera dictarse. Entonces se presentó para obtener el embargo y en aquel momento eran ciertos, enteramente ciertos, los hechos en ella consignados.

*Debe declararse no haber lugar a la reconsideración solicitada.*

Los Jueces Asociados Señores Wolf y Texidor disintieron.*