THE GOODYEAR TIRE & RUBBER EXPORT CO., LTD., demandante y apelada, *v.* RAMÓN BRUGUERAS o la Sucn. desconocida de éste, demandada y apelante.

No. 5965.—*Sometido:* Febrero 3, 1933.—*Resuelto:* Marzo 10, 1933.

*Angel A. Vázquez*, abogado de la apelante; *Emilio S. Belaval*, abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

En 9 de noviembre de 1931 The Goodyear Tire & Rubber Export Co. Ltd. presentó demanda ante la Corte de Distrito de San Juan contra Ramón Brugueras o la sucesión desconocida de éste, reclamando el pago de la suma de $1,659. A solicitud de la demandante se embargaron bienes para asegurar la efectividad de la sentencia, mediante la prestación de una fianza por la cantidad de $2,000. Prestada esta fianza por The Great American Indemnity Company y trabado el embargo solicitado, compareció en este pleito Juana Acevedo Vda. de Brugueras y solicitó de la corte que declarara nula y sin ningún valor ni efecto la fianza prestada por el demandante y nulo también el embargo de bienes trabado al amparo de dicha fianza. Discutida esta moción con asistencia de las partes, la corte inferior declaró defectuosa la fianza por los siguientes fundamentos:

A. Porque siendo la fiadora una compañía de fianzas, debe aparecer de la faz de la fianza que dicha compañía ha cumplido con todos y cada uno de los requisitos exigidos por la ley para poder dedicarse al negocio de prestación de fianzas, entre los cuales se halla el que dicha corporación tenga un capital cobrado e ingresado por una cantidad no menor de $100,000.

B. Porque en dicha fianza el juramento de R. Porrata Doria, que la suscribe como apoderado de la compañía fiadora The Great American Indemnity Co. Ltd., es fatalmente defectuoso, toda vez que él no suscribe dicho juramento, sino que el Sr. Porrata ha comparecido ante el notario y éste manifiesta que aquél ha hecho bajo juramento ciertas manifestaciones, pero tales manifestaciones no aparecen autorizadas bajo la firma de dicho declarante, ni aparecen de dicho juramento las circunstancias personales de dicho declarante, a saber, edad, estado, profesión y vecindad.

C. Porque dicha fianza se constituyó solamente por el término de un año, es decir, que el fiador se obligó únicamente a pagar los daños y perjuicios que puedan irrogarse a la demandada, siempre que se originen tales perjuicios dentro del término de un año a contar de la fecha de dicha fianza.

La corte concedió a la demandante cinco días para radicar una fianza enmendada, subsanando los defectos apuntados y retrotrayendo los efectos de la misma a la fecha en que fué prestada la fianza original. De esta resolución apeló la demandada, alegando que dicha fianza es nula por haber sido prestada sin justificación alguna, por no haber sido jurada, y por no aparecer que la corporación fiadora tenga un capital cobrado e ingresado que no baje de $100,000.

El documento donde aparece el contrato de fianza describe la acción promovida, la suma reclamada, la solicitud de embargo a los efectos de asegurar la efectividad de la sentencia previa prestación de fianza para responder al demandado de los perjuicios que se le puedan irrogar, y termina con el siguiente párrafo:

"Por tanto, nosotros, The Goodyear Tire & Rubber Export Co. Ltd., como principal, y la Great American Indemnity Company, una corporación organizada de acuerdo con las leyes del estado de Nueva York, debidamente autorizada para prestar fianzas en Puerto Rico, como fiadora, nos obligamos y comprometemos hasta la suma de $2,000, que pagaremos mancomunada y solidariamente al demandado Ramón Brugueras, sus herederos, sucesores o causahabientes, en todo o en la parte que sea necesaria para indemnizarle de los perjuicios que se le puedan irrogar en consecuencia del embargo que de sus bienes habrá de hacerse en aseguramiento de efectividad de la sentencia que en su día pueda recaer a favor de la demandante, siempre que se originen tales perjuicios dentro del término de un año a contar de esta fecha."

La ley para asegurar la efectividad de la sentencia no dispone la forma en que debe ser redactado el contrato de fianza. Sin embargo, deben incorporarse en el mismo todos los requisitos exigidos por la legislación en vigor. Cuando no consta en documento auténtico que la obligación es exigible, el tribunal, para decretar el embargo, exigirá una fianza que

responderá de los daños y perjuicios que se causen al deman· dado por consecuencia del aseguramiento. Según el artículo 355 del Código de Enjuiciamiento Civil, en todos los casos en que, de conformidad con lo dispuesto por el Código, deba constituirse una fianza personal, el funcionario ante quien se preste exigirá que dicha fianza vaya acompañada de una declaración suscrita y jurada por los fiadores, expresando que cada uno de ellos es residente, cabeza de familia o propietario en la Isla de Puerto Rico, y que cada uno de ellos tiene bienes por valor de la cantidad especificada en la obligación, después de cubiertas con exactitud todas las deudas y responsabilidades, con exclusión de toda propiedad exenta de ejecución.

La ley en Puerto Rico no es tan estricta como en el continente con respecto a embargos preventivos. Allí los estatutos generalmente requieren como una base para expedir el auto de embargo una declaración jurada en favor del demandante, expresando los méritos de su reclamación, para tener derecho al embargo. Cuando se exige este requisito, la declaración jurada es la base de la jurisdicción para iniciar los procedimientos. Sin ella, o cuando resulta fatalmente defectuosa, el auto de embargo y todos los procedimientos subsiguientes, adolecen del vicio de nulidad. En Puerto Rico basta radicar la demanda y prestar una fianza. Los fiadores, como ya se ha visto, deben reunir los requisitos que determina el artículo 355 del Código de Enjuiciamiento Civil. En lo que respecta a los requisitos de la fianza sobre la solvencia de los fiadores, esta corte, en el caso de *Ortiz* v. *Quiñones,* 41 D.P.R. 264, cita el caso de *Baxter* v. *Smith,* 2 Wash. T. 97, 4 Pac. 635, en el cual se dice que la falta por parte de los fiadores de justificar su responsabilidad en una fianza para verificar un embargo, es una mera irregularidad que puede remediarse, y no invalidará ni la fianza ni los procedimientos que motiva el mandamiento de embargo.

La Corte Suprema de California, en el caso de *Tibbet* v. *Tom Sué,* 122 Cal. 206, resuelto en 1898, sostiene que una fianza donde no se hace constar que los fiadores son dueños

de bienes inmuebles es defectuosa y no puede enmendarse por impedirlo el artículo 558 del Código de Enjuiciamiento Civil. Este artículo del código, que dicho sea de paso no está en vigor en Puerto Rico, ha sido enmendado, permitiéndose la corrección de irregularidades en el procedimiento de acuerdo con el artículo 473, que equivale al artículo 140 de nuestro Código de Enjuiciamiento Civil. En el caso de *Wilson* v. *Eagleson,* 71 Pac. 615, resuelto por la Corte Suprema de Idaho en 1903, se sostiene también que no es nula la fianza que no contiene una declaración de que los fiadores son dueños de bienes inmuebles.

En el caso de *Ingalls* v. *Nutters,* 172 N. Y. S. 213, se alegó por el demandado, como razón para anular el auto de embargo, que la fianza que sirvió de base al mismo era defectuosa, porque los fiadores en su declaración jurada no expresaban que eran dueños de bienes inmuebles. La Corte Suprema de Nueva York, término especial, permitió una enmienda *nunc pro tunc,* de acuerdo con el artículo 723 del Código de Enjuiciamiento Civil, para que se expresara en la fianza que los fiadores eran dueños de bienes inmuebles.

La jurisprudencia citada demuestra que una omisión en la fianza sobre la solvencia de los fiadores puede ser subsanada por enmienda. En el presente caso la compañía fiadora expresó en la fianza, usando las mismas palabras del estatuto, que es una corporación organizada de acuerdo con las leyes del estado de Nueva York y debidamente autorizada para prestar fianzas en Puerto Rico. Se alega que se omitió decir que dicha corporación tiene un capital cobrado e ingresado por una cantidad no menor de $100,000, y se arguye que esta omisión es fatalmente defectuosa. No lo entendemos así nosotros. Opinamos que la corte inferior no cometió error al permitir que se enmendara la fianza en este particular.

El segundo error atribuído a la corte *a quo* se basa en que ésta debió haber declarado nula la fianza porque el Sr. R. Porrata Doria, que aparece firmando por la Great American Indemnity Company, no jura que él sea un oficial

autorizado de dicha compañía ni que tiene un poder expreso para suscribir fianzas a nombre de ésta, y porque en el *affidavit* que aparece autorizando el notario Emilio S. Belaval no se expresa la edad, estado, profesión y vecindad del Sr. Porrata Doria.

Tiene por objeto la ley para asegurar la efectividad de sentencias proporcionar al demandante los medios de hacer efectivos sus derechos, en caso de que obtenga un fallo favorable, y al mismo tiempo ofrecer al demandado, mediante la prestación de una fianza cuando no conste en documento auténtico que la obligación es exigible, garantías suficientes para obtener una indemnización por los daños y perjuicios que se le irroguen si no prospera la acción contra él ejercitada. El juramento que debe acompañar a la fianza, de acuerdo con el artículo 355 del Código de Enjuiciamiento Civil, es un requisito que se exige a la parte que constituye la fianza para beneficio de la parte a cuyo favor se otorga. El demandado puede impugnar la fianza si no le ofrece suficiente garantía; pero el fiador no queda relevado de la obligación legalmente contraída al suscribirla, por el hecho de que se haya omitido el juramento. La obligación subsiste para responder al demandado de los daños y perjuicios que se le hayan ocasionado, aunque el juramento sea defectuoso o aun cuando no se haya prestado. Esta doctrina, que a nuestro juicio es la ley en Puerto Rico, envuelve un principio de justicia y equidad sostenido por la jurisprudencia. En el caso de *Moffat* v. *Greenawalt,* 27 Pac. 297, la Corte Suprema de California sostiene que prestada una fianza para apelar, los fiadores continúan siendo responsables aunque la suficiencia de la fianza haya sido impugnada y dichos fiadores no hayan demostrado su solvencia. Si la ejecución de la sentencia ha sido suspendida a virtud de la fianza, los fiadores no quedan relevados de responsabilidad aunque se desestime la apelación por haberse dejado de otorgar una fianza suficiente. En esta decisión se citan los casos de *People* v. *Shirley,* 18 Cal. 121, y *Murdock* v. *Brooks,* 38 Cal. 596. En el caso de *Carpenter*

v. *Furrey,* 61 Pac. 369, la misma Corte Suprema se expresó así:

"El requisito de la sección 1057 del Código de Enjuiciamiento Civil (Art. 355 de nuestro código, pár. 1) de que los fiadores justifiquen su solvencia mediante affidavit acompañado a la fianza, tiene por objeto únicamente proteger a la parte a cuyo favor se otorga dicha fianza, y no procede en labios de los fiadores una objeción a la suficiencia de la fianza prestada por el hecho de haber dejado de cumplir con esta disposición de la ley."

De acuerdo con nuestra ley es indiscutible que el demandado en un caso de embargo para asegurar la efectividad de la sentencia, tiene el derecho de exigir que los fiadores se ajusten a los preceptos de la ley, ofreciéndole las garantías que la misma determina. Entendemos que si la obligación de los fiadores subsiste, a pesar de que el juramento sea defectuoso, o de que no se haya prestado juramento, la corte está autorizada para permitir enmiendas, o el otorgamiento de un nuevo juramento. Si el demandante no cumple con los requisitos exigidos por la ley, debe dejarse sin efecto el embargo. En el presente caso se concedió permiso a la demandante para enmendar la fianza, subsanando los defectos que en la misma se advierten. Si la parte demandante está dispuesta a corregir los defectos señalados y si los derechos del demandado resultan garantidos, el propósito de la ley ha sido cumplido, desde el momento en que demandante y demandado quedan protegidos en sus derechos.

■ Se alega por último que la fianza es nula porque tal compañía fiadora expresamente hace constar que pagará los daños y perjuicios que puedan causarse a la parte demandada siempre que esos daños se originen dentro del término de un año a contar de la fecha de la fianza. Esta fianza se otorgó en 2 de noviembre de 1931. En 11 de enero de 1932, o sea dos meses después, la corte inferior concedió a la demandante cinco días para enmendar la fianza. En esta fecha aun faltaban diez meses para expirar el plazo fijado por la compañía fiadora para responder de los daños y perjuicios que durante

el mismo se ocasionasen a la demandada a consecuencia del embargo. La fianza, en la forma en que ha sido redactada, es defectuosa porque no protege debidamente los derechos de la parte demandada; pero si la demandante y la corporación fiadora aceptan la orden de la corte y enmiendan la fianza con todos los requisitos legales, sin limitar sus efectos en cuanto al tiempo y ampliando la responsabilidad a los daños y perjuicios que se ocasionen a la demandada, en caso de que no prospere la acción ejercitada, entonces dicha demandada habrá conseguido todas las garantías a que tiene derecho y que la ley le concede, y no resultará perjudicada por los defectos de que adolece la fianza originalmente prestada. La corte inferior no se excedió en sus atribuciones al conceder a la demandante permiso para corregir este defecto.

*Opinamos que debe confirmarse la resolución apelada.*