STARGUS PROPERTIES (PUERTO RICO), BERENS MORTGAGE BANKERS, INC., CLYDE D. FRAME y JUAN A. RODRÍGUEZ SEGURA, peticionarios, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE ARECIBO, HONORABLE JUAN TABOAS SANTIAGO, JUEZ SUPERIOR, demandado.

*Número:* O-72-288        *Resuelto:* 26 de enero de 1973

*Dubón & Dubón* y *Heberto J. de Vizcarrondo,* abogados de los peticionarios.

PER CURIAM: Ida M. Hernández y los esposos Quiñones-Santiago, Hernández-Martínez, y Díaz Soto-Díaz, radicaron demanda contra Méndez & Associates Development Corporation (en lo sucesivo designada Development), Méndez Deynes, Berens Inc. y Stargus Properties Puerto Rico, Inc. en la que alegaron:

. (1) haber celebrado cada uno con Development por conducto de Méndez Deynes, un contrato de compra de las siguientes propiedades en la Urbanización de la Development en el Reparto El Maestro de Camuy, P.R.:

Ida M. Hernández—solar de 300.15 metros cuadrados, con casa, precio $14,250, depositó con Development $950.

Hernández-Martínez—solar de 315 metros cuadrados, con casa, precio $15,000, depositó con Development $1,000.

Quiñones-Santiago—solar de 300.15 metros cuadrados con casa, precio $14,300, depositó con Development $4,300.00.

Díaz Soto-Díaz—solar de 361.93 metros cuadrados, con casa, precio $15,500, depositó con Development $1,500.00.

(2) que Berens, a través de Stargus, se hizo cargo del proyecto al fracasar Development.

(3) que al terminarse el proyecto y exigir los demandantes sus propiedades, las demandadas les exigen pagos adicionales no convenidos que sobrepasan los precios contratados.

(4) que solicitan se les entregue las propiedades compradas a los precios originalmente convenidos, $5,000 a cada demandante por concepto de angustias mentales sufridos, más $6,000 a cada demandante por concepto de intereses. Development y Méndez en su contestación negaron las alegaciones de la demanda y en adición Méndez alegó que como individuo no es responsable por ninguna deuda de Development.

Luego de declararse sin lugar su moción de desestimación, Berens y Stargus radicaron su contestación negando las alegaciones de la demanda, admitiendo haber terminado algunos trabajos en el referido proyecto; que Stargus le ha ofrecido venderles las casas y solar a los demandantes en determinados términos y condiciones; que no han contratado con ninguno de los demandantes por lo que no existe nexo contractual alguno entre los demandantes y estos demandados ni obligación cuyo cumplimiento pueda exigírsele a éstos.

Solicitaron sentencia sumaria los demandantes apoyándola en declaraciones juradas de éstos, acompañadas las de Díaz Soto-Díaz y Hernández-Martínez de sus contratos de Promesa Bilateral de Compra y Venta otorgados por ellos y Development por virtud de los cuales Development se obligó a vender a éstos los solares A-9 de 361.93 metros cuadrados y A-21 de 315 metros cuadrados, con casas y éstos a comprarlos por $15,500 y $15,000 respectivamente, de lo cual se hicieron depósitos de $1,500 y $1,000, conviniéndose que las escrituras de venta y de hipoteca se otorgarían dentro de 10 días de notificar Development que están listas, y que Development haría entrega de las propiedades ". . . luego de haberse expe-

dido el correspondiente Certificado de Tercera Inspección Final por la Administración Federal Sobre Hogares, (FHA), y/o el Permiso de Uso por la Junta de Planificación de Puerto Rico."

Berens y Stargus radicaron oposición a dicha moción y en apoyo de dicha oposición radicaron una declaración jurada a la que se unió copia de la escritura de compra de una finca de 8.6205 cuerdas en Camuy, sujeta a una hipoteca en garantía de un pagaré al portador por $445,000. No aparece en dicha escritura referencia alguna a los contratos alegados por los demandantes en su demanda. Ni aparece que éstos se hubiesen presentado al Registro de la Propiedad para tomarse cuenta de los mismos en la inscripción de la referida finca.

En dicha escritura se convino que ". . . la COMPRADORA, [Stargus] no asume ninguna responsabilidad personal por el pago de dichas sumas, [cargos ascendentes a $6489.78] debiendo los acreedores de la VENDEDORA [Development] recurrir únicamente contra la propiedad para el cobro de sus respectivas acreencias."

Sometida la anterior moción, el juez de instancia dictó, en 24 de mayo de 1971, la siguiente orden, luego de indicar que "sobre esta propiedad debe haber una total congelación":

"Este Tribunal en virtud de la Regla #56 de Procedimiento Civil vigente, decreta la prohibición de disponer o de cualquier acción de dominio eminente sobre la propiedad objeto de este litigio."

La fianza de $5,000.00 fijada en dicha orden y posteriormente aprobada por dicho tribunal aparece jurada y firmada ante notario por los cuatro demandantes. En la misma aparece la firma del fiador pero no aparece, reconocida y suscrita por éste último ante notario u otro funcionario autorizado para ello.

Apareció de interrogatorios al efecto que los solares A-9 y B-5 fueron vendidos por Stargus a otras personas lo que los demandantes notificaron al tribunal en 31 de agosto de 1971. El tribunal señaló vista por lo que no deba ser declarada la

parte demandada incursa en desacato. Más tarde ordenó el tribunal la comparecencia de la Junta de Directores de Stargus para explicar la venta de las casas que el tribunal había ordenado no hiciese y solicitó que las partes se reuniesen y discutiesen la fianza que los demandados debían prestar de salir incursos en desacato. Como a la continuación de la vista sobre desacato no compareció la representación legal de los demandados, y su moción de suspensión no se envió a tiempo, el tribunal ordenó el arresto del letrado "por desacato con $2,500 de fianza" y se impuso a los demandados $200 de honorarios para los demandantes más las costas de la suspensión. En la vista del 21 de abril de 1972 la representación legal de los demandados fue exonerada del desacato que se le imputó.

En 2 de agosto de 1972 dictó el tribunal de instancia una resolución por virtud de la cual concluyó que el otorgamiento por Stargus de las escrituras de compraventa antes mencionadas se realizaron en violación de la Orden de 24 de mayo de 1971 que decretó ". . . una total congelación" de ". . . la propiedad objeto de este litigio", la que "dan lugar a desacato civil así como criminal." En tal virtud se dispuso en la referida resolución que (1) ". . . debe la corporación demandada [Stargus] depositar en la Secretaría de este Tribunal el valor de los dos solares vendidos en violación de la Orden, esto es la cantidad de $36,400 los cuales quedarán a las resultas del pleito matriz." y (2) "Por el acto considerado desacato criminal se condena a los Sres. Frame y Rodríguez Segura al pago de $200.00 de multa cada uno."

En este recurso se impugna la anterior resolución del tribunal de instancia por errónea; por no ajustarse a derecho, porque fue dictada sin jurisdicción o en exceso de jurisdicción y por que al dictarse el tribunal incidió pues (a) la orden de 24 de mayo de 1971 fue dictada sin previa notificación a los demandados y sin haberles dado oportunidad de ser oídos; (b) la fianza prestada es inválida por no haber sido jurada

y suscrita por el fiador ni haberse acompañado de una declaración suscrita y jurada por dicho fiador; (c) no se expidió mandamiento alguno de prohibición de enajenar y no se anotó en el Registro, ni se notificó, la orden al demandado; (d) no se describieron los bienes en la orden. En adición, apuntan los demandados Berens, Stargus, y los Sres. Frame y Rodríguez que:

"Tercera: Porque al condenar a las recurrentes Berens y Stargus a depositar en la Secretaría del Tribunal la suma de $36,400.00 para responder de las resultas del pleito, por vía de castigo por el desacato imputado y disponiendo el encarcelamiento de los recurrentes Frame y Rodríguez Segura hasta que ellos lo verificaran si no se efectuaba por las demandadas en el plazo de diez días, el Tribunal recurrido en efecto, decretó el aseguramiento de la efectividad de la sentencia que en su día pudiera recaer en dicho pleito, sin exigir prestación de fianza.

Cuarta: Porque si la condena impuesta a las recurrentes de depositar en la Secretaría del Tribunal fue impuesta como un castigo por el desacato imputado, y no por vía de aseguramiento de la efectividad de la Sentencia que en su día pudiera recaer en dicho pleito, dicha condena es inválida por las siguientes razones:

(a) Si fue impuesta como castigo por un desacato civil, dicha condena es improcedente e inválida;

(i) Porque habiéndose consumado el acto cuya prohibición había sido objeto de la Orden del 24 de mayo de 1971 (Exhibit 6) decretando la prohibición de enajenar, los recurrentes no estaban en condiciones de purgar dicho desacato.

(ii) Porque no habiendo sido impuesta dicha condena para beneficio de los demandantes con el objeto de indemnizarles de los daños sufridos en consecuencia de la violación de la Orden del 24 de mayo de 1971 (Exhibit 6) y no habiendo probado dichos demandantes que hubieran sufrido daños algunos como consecuencia de dicha violación la referida condena constituye un castigo punitivo que sólo procede en los casos de desacato criminal en los cuales dicho castigo está limitado por ley a una multa máxima de $200.00.

(iii) Porque al ordenar el Tribunal recurrido el encarcelamiento de Frame y de Rodríguez Segura hasta que *ellos* verificaran el referido depósito de $36,400.00 si las demandadas no lo

hacían en el término de diez días, se les priva a ellos de su libertad ·y de su propiedad sin un debido procedimiento de ley negándoseles también la igual protección de las leyes. (Énfasis en el original.)

(b) Si fue impuesta como castigo por un desacato criminal, dicha condena es nula ·por haber sido impuesta sin un debido procedimiento de ley y por haberse negado a los recurrentes la igual protección de las leyes."

■ Concluimos que la Orden de 24 de mayo de 1971 es nula pues no se dictó ni se procesó de acuerdo con lo dispuesto en la Regla 56 de las de Procedimiento Civil. No aparece en el récord moción alguna de los demandantes solicitando dicha orden y que justificase su expedición. ([1]) La Regla 56 no autoriza al tribunal a dictar tal orden *sua sponte*, sin que la parte interesada la solicite por razones que relacione en su moción al efecto y que el tribunal juzgue justificadas. Tampoco aparece del récord que se cumpliese que el requisito de la Regla 56.4 al efecto de que "el embargo y la prohibición de enajenar se efectuaran anotándolos en el Registro de la Propiedad y notificándolos al demandado."

Por último resulta del récord que la fianza prestada es defectuosa pues no aparece jurada y suscrita por el fiador ni aparece acompañada de una declaración jurada demostrativa de que tiene bienes por el doble de la. cantidad especificada en la obligación. Regla 69.1 de las de Procedimiento Civil. *Goodyear Tire Etc. Co. Ltd.* v. *Brugueras*, 44 D.P.R. 622, 627, (1933).

■ La orden de 24 de mayo de 1971 es ambigua, indefinida y dudosa pues no hace referencia a propiedades específicas algunas que pudieren permitir la anotación en el Registro de la Propiedad de la prohibición de su enajenación. Ni en la demanda ni en la moción de sentencia sumaria se ha hecho referencia específica a solar y casa alguna. Sólo aparecen en

---

([1]) La Regla 56.1 de las de Procedimiento Civil dispone que toda orden provisional para asegurar una sentencia podrá ser dictada "por moción del reclamante" y a su solicitud.

el récord los contratos de compromiso de venta de las casas de los Sres. Hernández-Díaz, Soto-Díaz y Hernández-Martínez en los que sí se hace referencia a solar y casa por la designación de bloque y número de solar y tipo de casa en la referida urbanización.

■ No es necesario considerar el apuntamiento que impugna la validez de la condena por desacato (²) pues dicha condena no puede subsistir en vista de la improcedencia de la prohibición de enajenar.

■ La parte de la resolución impugnada que ordena a los recurrentes a depositar en la secretaría del tribunal la suma de $36,400 "los cuales quedaron a las resultas del pleito matriz" es de la naturaleza de una orden en aseguramiento de sentencia. No aparece del récord que haya sido solicitada mediante moción de los demandados en el pleito matriz y tampoco aparece que se exigiese a dichos demandados que prestasen la fianza requerida.

En vista de lo expuesto *debe dejarse sin efecto la resolución del tribunal de instancia de 2 de agosto de 1972 así como su Orden de 24 de mayo de 1971, sin perjuicio de que los demandantes en el pleito matriz soliciten del tribunal cualquier remedio provisional en aseguramiento de sentencia a que su juicio proceda. Debe devolverse el caso al tribunal de instancia para la continuación de los procedimientos.*

---

(²) En *Pueblo* v. *Pérez Díaz*, 99 D.P.R. 788 (1971), hicimos una exposición de la naturaleza y procedimiento a seguir en los casos de desacato.