MARY A. CHEETHAM *vs.* UNION RAILROAD COMPANY.

PROVIDENCE—JULY 22, 1904.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1)  *Street Railways.    Negligence.    Evidence.    Presumptions.*

While the fact that the car of a street railway company leaves the track establishes *prima facie* the negligence of the company, the latter may show in reply that the cause of the accident was not the carelessness of its employees, but some extraneous act which the company could neither prevent nor guard against.

(2)  *Street Railways.    Negligence.    Evidence.*

In an action of negligence against a street railway company, upon the issue of the excessive speed of the car around a curve whereby it left the track, as alleged, experiments under substantially similar conditions by expert employees of the defendant, showing that such a car running at its highest speed upon the curve would keep the track, are properly admitted.

(3)  *Evidence.    Experiments.*

Experiments by experts, if fairly conducted, are admissible to sustain their opinion.

TRESPASS ON THE CASE for negligence.    Heard on petition of defendant for new trial, and granted.

DOUGLASS, J.   The injuries of which the plaintiff complains were caused by the derailment of one of the defendant's electric cars, on which she was a passenger.   On the evening of June 13, 1902, the car was proceeding easterly on Warren avenue, in East Providence, when it suddenly left the track and, after going a short distance, stopped on the macadamized roadway. The plaintiff was prevented from being thrown out by a passenger who sat behind her, but was thrown violently against the framework of the car and sustained serious injuries.   The defendant denies its liability, and contests the extent of the injuries.

(1)   The case is one where the occurrence itself throws upon the defendant the burden of accounting for the accident.   It is the duty of a railroad company so to lay out, construct, equip, and operate its road that its cars shall keep upon the track. If a car leaves the track it is *prima facie* through the negligence of the railroad company, but the company may show in reply that the cause of the accident was not the carelessness of its employees, but some extraneous act which the company could neither prevent nor guard against.   *Harris* v. *Union Pacific R. R. Co.*, 13 Fed. Rep. 591.   This is the defence which is set up in this case, and we think it is made out by a very strong preponderance of evidence.

The place where the car left the track was at the beginning of a slight bend in the track, the radius of the curve being four hundred and twenty feet.   The only theory consistent with the presumption of negligence is that the car was run with such speed that it was thrown from the rails on striking this curve.

(2)   The evidence as to the speed of the car at the time of the accident is contradictory, as is usual in such cases; but the extreme speed capacity of the car is a known quantity, and experiments were made under substantially similar conditions which seem conclusively to show that such a car, running at its highest possible speed upon the curve, would keep upon the track.   If such a car, lightly loaded, and running at its highest speed, would pass safely around the curve twenty times, we must look for some other cause than excessive speed to account for the derailment which occurred.

(3)     The evidence with regard to these experiments was objected to by the plaintiff, but we think was properly admitted.   The motorman and conductors in charge of the running of the experimental car were experts in that business, and such experiments by experts are always admissible to sustain their opinions, if fairly conducted.   Steph. Ev. 112; *Eidt* v. *Cutter*, 127 Mass. 522; *Sullivan* v. *Com.*, 93 Pa. St. 284, 296.

In *People* v. *Morrigan*, 29 Mich. 4, the complainant testified that his coat had been cut open and his pocket-book taken away.   In considering one of the exceptions to the rejection of testimony, the court say:  "But we think the testimony of the tailor to whom the prosecutor carried his coat to be mended, as to experiments made to see whether such a pocket-book as he described could have been taken out of the pocket in that condition, ought to have been received."   And upon this error a new trial was granted.

The question in the case at bar was whether the car left the track by reason of being run at an excessive rate of speed.   If the witnesses in this case had run their similar cars around the same curve at maximum speed in the course of their experience, and the cars had kept to the track, the fact would have been pertinent evidence.   We see no objection to the testimony because the car was run purposely to solve the question.   1 Gr. Ev. § 162, p. (3), 16th ed.

One very persuasive circumstance corroborates the evidence of the experiments.   Several of the passengers, immediately after the car stopped, ran back and searched the line over which they had come, for some obstacle which might have derailed the car.   Evidently, in their minds, the speed and the curve did not explain the accident.   Some of the passengers also testify that before the car left the track a jolt was felt, as if one of the wheels ran over some obstacle.   Another car came up closely behind the one which ran off the track, and the conductor of the second car testifies that going very slowly he felt a similar jolt as he approached the place of the accident.   A young man living by was attracted to the scene, and within a few minutes of the accident picked up from the track a spike which was handed to one of the con-

ductors and preserved for some time at the car barn. All the witnesses who saw this spike describe it as partly flattened and showing marks as if it had been run over.

It is in evidence that at the time of this occurrence a strike of some of the employees of this company was in progress, and obstructions had been placed on its tracks in East Providence at different points.

In view of all this evidence, it seems that the defendant has abundantly sustained the burden of showing that the accident was not occasioned by its carelessness. The evening was dark, a storm was approaching, and the motorman could not have seen an object like a spike upon the rail in time to have avoided it. If this was the cause of the accident, the company are in no wise responsible for it. That such was the case we think is supported by evidence, both negative and positive, sufficient to convince any unprejudiced person.

In this view of the case, the exceptions taken to the admission of evidence which were for the most part trivial and immaterial need no discussion.

A new trial is granted.

*Comstock & Gardner,* for plaintiff.

*Henry W. Hayes, Frank T. Easton, and Lefferts S. Hoffman,* for defendant.