ALFONSO FIGUEROA TORRES ET AL., Plaintiffs and Appellants, *v.* VIVES & MAXAN, ETC., ET AL., Defendants and Appellees.

No. 5896. Argued February 15, 1933.—Decided February 24, 1934.

*López de Tord & Zayas Pizarro* for appellants.  *J. Henri Brown, C. Ruiz Nazario, G. E. González,* and *G. Benítez Gautier* for appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

From the evidence in this case the District Court of Ponce had the right to believe that Alfonso L. Figueroa, a youth of less than 12 years of age, started suddenly from a shop

where he was employed, rushed in front of a truck, was caught by one of its wheels and killed. The theory of the complaint was that the truck was going rapidly and that the driver thereof did not properly attend to his duty. Some of the witnesses say that the body of the boy was found between the front and rear wheels of the truck. Other witnesses gave testimony to the effect that the body of the boy acted as a wedge for the front wheel of the truck. The court found that the truck was not going at an excessive speed and stopped within one or two meters from the place where the boy was struck. The court also found that a decided preference was to be given to the statements of the witnesses of the defendant, and that a large part of the testimony of the plaintiffs' witnesses was unbelievable.

It is a curious fact in the case that the appellants in their brief say that the driver of the truck was mistaken in saying that he had to back his car in order to permit the body of the boy to be lifted, inasmuch as there were witnesses who say that the boy was lifted without any such necessity. This is a strong physical fact to support the conclusion of the court, drawn from the evidence of the witnesses, that the truck could not have been going at a very great speed. Of course, the court did not depend upon this particular testimony, but it arrived at its conclusion upon reviewing the whole evidence. The court found that the street where the accident occurred was in a bad condition; that the accident happened when the truck was about to make a curve and that under the circumstances it would be difficult, if not impossible, for the truck to proceed at a very high speed.

One of the theories of the appellants is that the doctrine of the last clear chance could be invoked; that the driver had a chance to see the peril of the boy, but that he did not do so because he was trying to salute some girls at the moment. The court may or may have not believed the evidence of such a salutation, but anyone knows that it is possible for a man driving a vehicle to make a casual salute without having his

attention seriously diverted from the driving of the vehicle. We see no opportunity under the facts and findings to apply the doctrine of the last clear chance.

The appellants raise the usual assignment of error as to the weighing of the evidence by the court below, but under the foregoing facts we think this error may be disregarded. Likewise, the conflict as to whether the driver sounded his horn.

The court at the request of the plaintiffs took a view of the place on the street where the accident happened. The judge had the truck produced and drove it himself in order to test how the accident occurred. He likewise had the driver of the truck make a similar experiment. Thereafter the judge made a written report of the result of his view. This was filed in the District Court of Ponce, but the appellants maintain that the said report was never notified to them. Nevertheless, they made no motion for a new trial or any other motion looking to an attempt to correct any erroneous impression that the judge may have drawn from the driving of the truck by himself.

On appeal it is assigned as error that the judge ought to have given the plaintiffs-appellants a chance to produce further testimony, in accordance with our decision in *Martínez v. Rodríguez*, 26 P.R.R. 5. We think the failure of the court or of the clerk thereof to notify the complainants-appellants of the result of the view was, if error at all, harmless, given the actual facts of the case. Indeed, from the testimony we do not see that any view was actually necessary. Counsel for the appellants were present at the time of the view and made no objection to the judge driving the truck and did not then ask for an opportunity to offer any other demonstrative evidence.

The appellants insist that the judge committed error in driving the truck himself, inasmuch as, although they admit that the judge knows how to drive an ordinary car, he did not show that he had the experience necessary to drive a

truck or that he had a license to drive such a vehicle. *Non constat* that the experience any chauffeur may have from driving an ordinary car will not suffice to enable him to make the experiment here undertaken.

Some comment was also made that this kind of demonstrative evidence ought not to go in the case. As intimated, we do not think that it was very necessary for the decision of the case, but on the whole the action of the court in making the experiment it did should be approved and is approved by the weight of authorities. *Cheetham* v. *Union R. Co.,* 58 A. 881.; *Chicago, etc., Co.* v. *Champion,* 32 N.E. 874; 2 Jones on Evidence (2d ed.), page 1364, section 731 *et seq.*

We find no error and the judgment will be affirmed.