ALFONSO FIGUEROA TORRES y su esposa PAULA RODRÍGUEZ, demandantes y apelantes, *v.* LA SOCIEDAD VIVES & MAXAN, compuesta de sus únicos socios gestores JOSÉ VIVES y RAFAEL MAXAN, y la PORTO RICAN AMERICAN & INSURANCE Co., demandada y apelada.

No. 5896.—*Sometido:* Febrero 15, 1933. *Resuelto:* Febrero 24, 1934.

*López de Tord & Zayas Pizarro*, abogados de los apelantes; *J. Henri Brown, C. Ruiz Nazario, G. E. González* y *G. Benítez Gautier*, abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

De la prueba aducida en este caso, la Corte de Distrito de Ponce tuvo derecho a creer que Alfonso L. Figueroa, niño menor de doce años, salió súbitamente de un establecimiento en que estaba empleado, se precipitó frente a un camión, fué atrapado por una de sus ruedas, y muerto. La teoría de la demanda era que el camión caminaba rápidamente y que el conductor del mismo no atendía debidamente a su deber. Algunos de los testigos dijeron que el cuerpo del niño fué hallado entre las ruedas delantera y trasera del camión. Otros testigos declararon que el cuerpo del niño servía de calzo a la rueda delantera. La corte halló que el camión no marchaba a velocidad excesiva y que se detuvo como a uno o dos metros del sitio en que el niño fué arrollado. La corte también halló que debía darse preferencia decidida a las declaraciones de los testigos de la demandada, y que gran parte del testimonio de los testigos de los demandantes era increíble.

Es un hecho curioso en el caso que los apelantes en su alegato sostengan que el conductor del camión estaba equivocado al decir que tuvo que dar contramarcha al vehículo a fin de permitir que el cuerpo del niño fuese sacado, toda vez que hubo testigos que manifestaron que el niño fué sacado sin que hubiera tal necesidad. Este es un fuerte hecho material para sostener la conclusión de la corte, obtenida de las declaraciones de los testigos, de que el camión no podía ir marchando a mucha velocidad. Desde luego, la corte no se basó en este testimonio específico, sino que llegó a su conclusión revisando toda la prueba. La corte halló que la calle en que ocurrió el accidente estaba en malas condiciones; que el accidente sucedió en momentos en que el camión iba a tomar

una curva y que bajo las circunstancias sería difícil, si no imposible, para el camión marchar a mucha velocidad.

■ Una de las teorías de los apelantes es que la doctrina de la última oportunidad para evitar el daño podía ser invocada; que el conductor del vehículo tuvo ocasión de ver el peligro que el niño corría y que no lo hizo así debido a que trataba de saludar unas muchachas en aquel momento. La corte pudo haber creído o no la prueba relativa a tal saludo, mas todo el mundo sabe que una persona que guía un vehículo puede hacer un saludo casual sin desviar seriamente su atención del vehículo que conduce. Bajo los hechos y conclusiones del caso, no vemos cómo podría aplicarse la doctrina de la última oportunidad para evitar el daño.

Los apelantes hacen el señalamiento de error corriente respecto a la apreciación de la prueba por la corte inferior, pero, de acuerdo con los anteriores hechos, creemos que puede hacerse caso omiso de este error. Igualmente del conflicto relativo a si el conductor tocó o no bocina.

■ A instancias de los demandantes, la corte hizo una inspección ocular del sitio en que ocurrió el accidente. El juez hizo que se trajera el camión y lo guió él mismo con el propósito de ver cómo ocurrió el accidente. De igual modo ordenó que el conductor del camión hiciera un experimento similar. Posteriormente, la corte hizo un informe escrito sobre el resultado de la inspección. Este informe fué archivado en la Corte de Distrito de Ponce, pero los apelantes sostienen que el mismo nunca les fué notificado. No obstante, ellos no presentaron moción de nuevo juicio ni moción alguna tendente a corregir cualquier impresión errónea que pudiera haber tenido el juez con motivo de haber él mismo guiado el vehículo.

En apelación, se señala como error que el juez debió haber dado a los demandantes y apelantes la oportunidad de ofrecer prueba adicional, de conformidad con nuestra decisión en el caso de *Martínez* v. *Rodríguez,* 26 D.P.R. 6. Creemos que, dados los hechos de este caso, el haber dejado la

corte o el secretario de la misma de notificar a los demandantes y apelantes del resultado de la inspección, no fué un error perjudicial, si es que hubo tal error. En verdad, según la prueba, no vemos que fuera realmente necesaria una inspección. Los letrados de los apelantes se hallaban presentes en el momento en que se hizo la inspección ocular y ellos no se opusieron a que el juez guiara el camión ni le pidieron entonces que se les diera la oportunidad de ofrecer cualquiera otra evidencia demostrativa.

█ Los apelantes insisten en que el juez cometió error al guiar el camión él mismo, toda vez que, aunque admiten que el juez sabe guiar un automóvil corriente, no demostró haber tenido la necesaria experiencia para conducir un camión o que tuviera licencia para guiar tal vehículo. *Non constat* que la experiencia que pueda tener cualquier *chauffeur* por haber guiado un vehículo corriente, no sea suficiente para que le permita hacer el experimento que aquí se practicó.

█ Se comentó algo respecto a que esta clase de evidencia demostrativa no debería permitirse que constara en autos. Según hemos indicado, no creemos que fuese muy necesaria para la decisión del caso, pero tomando todo en consideración, el proceder de la corte al hacer el experimento que hizo, debe ser aprobado, y lo es, por el peso de las autoridades. *Cheetham* v. *Union R. Co.*, 58 Atl. 881; *Chicago etc. Co.* v. *Champion*, 32 N. E. 874; 2 *Jones on Evidence* (2d ed.) pág. 1364, Sección 731 *et seq.*

*No hallamos que se cometiera error, y debe confirmarse la sentencia apelada.*