J. Ochoa & Hermano, Demandantes y Apelados, *v.* De Jesús, Juez Municipal, Demandado y Apelante.

Apelación procedente de la Corte de Distrito de San Juan, Sección Primera, en recurso de *mandamus.*

No. 1769.—Resuelto en abril 12, 1918.

Aseguramiento de Sentencias—Fianzas Personales—Especificación de Propiedad Inmueble.—Un juez no tiene facultad discrecional para exigir en las fianzas personales prestadas para obtener el aseguramiento de una sentencia, que se especifique con qué determinada propiedad inmueble se habrá de responder, pues la ley no requiere tal especificación.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. E. T. Fiddler, Assistant Attorney General,* y *N. R. Canales, oficial jurídico.*

Abogado de los apelados: *Sr. Francisco Soto Gras.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

J. Ochoa y Hermano presentó demanda en cobro de pesos en la Corte Municipal de San Juan y pidió que se decretase el embargo de bienes de su deudor para asegurar la efectividad de la sentencia que recayera. El juez exigió que prestara una fianza por determinada cantidad y cuando le fué presentada una fianza personal se negó a decretar el em-

bargo; entonces el demandante acudió a la corte de distrito en procedimiento de *mandamus,* la que después de oir a dicho juez le ordenó que despachase la orden de embargo.

Los dos únicos motivos que alegó el juez municipal en el tribunal inferior como fundamento para no decretar el embargo y que reproduce ahora para pedirnos la revocación de la sentencia apelada fueron: 1°. que la parte demandante se negó a especificar en la fianza con qué determinada propiedad inmueble respondería en su caso a la parte contraria, especificación que la corte en uso de su discreción consideró procedente y justa en dicho caso para la debida protección de la parte sentenciada: 2°. Que la fianza no se ajusta al modelo impreso de fianzas que para tales casos tiene provisto y a disposición de las partes y de las cortes el Departamento de Justicia.

La ley para asegurar la efectividad de las sentencias autoriza el embargo de bienes en caso de que la obligación no conste en documento público, cuando se prestare fianza para responder de los daños y perjuicios que se causen al demandado por consecuencia del aseguramiento, y en sus secciones 6ª., 7ª. y 8ª. consigna los requisitos que deberán tener las fianzas personales, hipotecarias o metálicas. En cuanto a la personal expresa que podrán ser fiadores personales las personas que pagaren al Tesorero de Puerto Rico, a título de dueños, una contribución sobre la propiedad, representativa de un capital cuyo valor sea el doble de la fianza exigida por el tribunal para decretar el aseguramiento. No requiere esta ley en esa clase de fianza que se especifique, como pretende el juez municipal recurrido, con qué determinada propiedad inmueble se habrá de responder y por tanto carece el juez municipal de facultad para exigir tal especificación de responsabilidad de bien inmueble. Se trata de un caso en que el juez no tiene facultad discrecional para exigir que se haga esa especificación. Sus facultades en cuanto a este extremo están limitadas a examinar si se han cumplido los requisitos exigidos por la ley, pero no puede exigir otros

distintos, y si lo hace no ejerce ninguna discreción y entonces el auto de *mandamus* es procedente. La propia sección 6ª. garantiza el derecho de los demandados contra una fianza personal determinando lo que han de hacer cuando quieran asegurarse contra las fianzas de esa clase. Tampoco el artículo 355 del Código de Enjuiciamiento Civil que trata de la manera de constituir una fianza personal, exige el requisito que en este caso pidió el juez municipal.

Respecto al segundo fundamento alegado por el recurrente tampoco está justificado. No hay precepto alguno en la ley que requiera que la fianza haya de constar en fórmulas impresas redactadas por el Departamento de Justicia. Si la fianza presentada en este caso está redactada de acuerdo con la ley, y respecto de esto no ha hecho objeción el juez municipal, el hecho de que no estuviera extendida en dichos impresos no era motivo para dejar de aprobarla.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf del Toro y Hutchison.