ARDEN CHEMICAL COMPANY, demandante y apelada, *v.* PORTO RICO DRUG Co., INC., demandada, y NATIONAL SURETY COMPANY, interventora y apelante.

No. 6014.—*Resuelto:* Abril 25, 1934.

582

*Besosa & Besosa,* abogados de la apelante; *E. B. Wilcox,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Al resolver este caso, dijimos:

". . . . Ésta apela ahora de una sentencia adversa y sostiene que la corte de distrito erró al considerar que no existen diferencias entre una fianza para levantar un embargo y una fianza como depositario judicial y al considerar la fianza en cuestion como que había sido otorgada con el objeto de levantar el embargo.

"La apelante en su relación de hechos dice que la Porto Rico Drug Co. entregó al síndico designado por la Corte Federal todo su activo incluyendo los bienes embargados dejados en su poder al otorgarse la fianza. El alegato no hace referencia a ninguna de las páginas de los autos en apoyo de esta aseveración. Luego, en el curso de la argumentación, la apelante dice que 'de acuerdo con la prueba'

la Corte de Distrito de San Juan había designado un síndico y tomado posesión de todos los bienes de la Porto Rico Drug Co. A este respecto se hace referencia a una resolución que se dice haber sido dictada en el 'caso civil No. 2548, Antonio Canals et al. v. P. R. Drug Company, Corte de Distrito de San Juan', en la cual (según se transcribe en el alegato) al síndico de la corte de distrito insular se le ordenó que entregara al síndico designado por la Corte Federal los bienes de la Porto Rico Drug Co. No se hace referencia a página alguna o parte del récord del presente caso. Fuera de esto nada hay, aun en el alegato de la apelante, que demuestre que la perfumería y las medicinas de patente embargadas por la demandante en este recurso que fueron dejadas en poder de la Porto Rico Drug Co. fueran jamás entregadas a uno u otro síndico.''

Luego, en dicha opinión manifestamos que nada había en el alegato de la apelante que demostrara que ella hubiera sido perjudicada por haber dejado el juez de distrito de hacer una distinción entre la fianza provista por la sección 15 de la Ley para Asegurar la Efectividad de Sentencias (Estatutos, sección 5247) y la fianza mencionada en la sección 10 de dicha ley.

El primer fundamento de la moción de reconsideración presentada por la apelante es que nuestra opinión anterior no hace distinción alguna entre las dos clases de fianzas provistas por la Ley para Asegurar la Efectividad de Sentencias y especialmente por las secciones 10 y 15 de la misma. En dicha opinión no pusimos en tela de juicio la teoría de la apelante de que la fianza que teníamos a la vista era la fianza provista por la sección 10 más bien que la mencionada en la sección 15. El *ratio decidendi* fué que en ausencia de algo que demostrara por qué a la interventora, bajo las circunstancias del presente caso, no debía hacérsele responsable bajo la fianza realmente otorgada por ella, cualquier error cometido por el juez de distrito al dejar de hacer una distinción entre tal fianza y la fianza a que se hace referencia en la sección 15 de la ley, no fué perjudicial.

En su alegato original la apelante dijo que la fianza por ella prestada le hacía responsable sola y exclusivamente de

los actos de la Porto Rico Drug Co. "como depositaria judicial y hasta el límite del valor de los bienes puestos en su poder como tal depósito." La moción de reconsideración no admite tanto. La contención ahora es que la cuantía de la fianza no se determina por el valor de los bienes embargados, sino que puede ser fijada por el juez sentenciador, en el ejercicio de una sana discreción, en una suma meramente nominal o en cualquiera otra suma, y que la responsabilidad de la fiadora se limita a los daños y perjuicios que la parte demandante pueda probar, en caso de que se enajenen los bienes embargados y una vez probada tal enajenación, o en caso de que la parte demandada desobedezca alguna orden de la corte. Luego de esta contención, se insiste nuevamente en la teoría de la apelante de que la Porto Rico Drug Co. había entregado los bienes embargados a un síndico designado por la Corte Federal, de conformidad con una resolución dictada por la corte de distrito insular ordenando tal entrega.

El objeto de la fianza autorizada por la sección 10 de la ley, al igual que el objeto del embargo y de la ley misma, según su título indica, es asegurar la efectividad de cualquier sentencia que pueda dictarse en favor de un demandante. De acuerdo con los términos expresos de la sección 10, la fianza responderá del valor de los bienes embargados. La discreción de la corte existe en cuanto a la suficiencia de la fianza que debe prestarse para tal fin, pero no respecto a si el importe de la misma será o no suficiente para cubrir el valor de los bienes embargados. La fianza se refiere a una súplica anterior de la demandada al efecto de que los bienes embargados se dejen bajo su custodia al prestar una fianza por la suma de $2,500 para responder del valor de dichos bienes. La obligación asumida por la Porto Rico Drug Co. y por la National Surety Co., conforme se hace constar en la misma fianza, lo fué para pagar a la demandante, Arden Chemical Company, el valor de dichos bienes hasta la suma de $2,500, "garantizando así a dicha Porto Rico Drug Company, como tal depositaria judicial de los ya

mencionados bienes; entendiéndose que la citada Porto Rico Drug Company dará fiel cumplimiento a toda y cualquiera orden de esta Hon. Corte, de acuerdo todo, con las leyes vigentes." Esto quería decir que la demandada presentaría los bienes embargados al ser requerida; o en caso de que dejara de hacerlo así, la demandada o su fiadora respondería del importe de cualquier sentencia que se dictara a favor de la demandante hasta una suma que no excediera del importe especificado en la fianza, es decir, del valor de los bienes embargados. Según la propia teoría de la apelante, los daños provenientes de la enajenación hecha por la demandada de los bienes embargados o de la desobediencia de ésta a una orden para que se reentregaran dichos bienes, el importe de tales daños sería el valor de los bienes embargados, siempre que la sentencia obtenida por la demandante excediera de tal valor, o el importe de la sentencia si el valor de los bienes embargados excedía de tal sentencia.

Puede admitirse, desde luego, que de ordinario la reclamación de la demandante contra la compañía fiadora sería precedida por alguna orden de la corte. En el presente caso, sin embargo, la compañía fiadora insistió en que se le hiciera parte demandada en la acción original, en su contestación suscitó la cuestión de su responsabilidad como fiadora y fué a juicio sobre las controversias así planteadas. Se había dictado sentencia en rebeldía contra la demandada original mucho antes de celebrarse la vista de la contienda entre la demandante y la compañía fiadora como interventora. El primer documento ofrecido como prueba por la demandante, sin objeción de la interventora, fué la fianza. Prácticamente, la única cuestión de hecho ante el juez sentenciador fué si los bienes embargados de conformidad con una orden dictada por la corte de distrito insular, habían pasado a poder de un síndico designado por la Corte Federal. La compañía fiadora tuvo su día en corte. Fué derrotada en todas las cuestiones de derecho por ella planteadas y dejó de establecer el elemento esencial de su defensa especial. No puede ahora

quejarse de que se dejó de demostrar que la demandada original hubiera desobedecido cualquier orden específica en relación con los bienes embargados o con la presentación de los mismos como requisito previo a la sentencia.

La apelante se refiere ahora por primera vez específicamente a ciertas partes del testimonio de determinados testigos como tendentes a establecer la teoría de una entrega por parte de la Porto Rico Drug Co. al síndico designado por la Corte Federal, de conformidad con una orden de la corte de distrito insular. Uno de estos testigos dijo que al nombrarse al síndico de la quiebra, la llave y lo que estaba en quiebra le fueron entregados. Este testigo, que era o había sido el presidente de la Porto Rico Drug Co., no dice que él entregó la llave, ni quién la entregó, ni dice que los bienes embargados estaban incluídos ''en lo que estaba en quiebra.'' El síndico de la quiebra declaró que recibió de la Corte de Distrito de San Juan toda la mercancía ''que estaba en la Corte de Distrito de San Juan.'' Tomamos el siguiente extracto de su testimonio durante la repregunta:

''P.—¿Usted dice que recibió de la Corte de Distrito de San Juan los artículos que habían sido embargados?

''R.—Yo no sé si estaban embargados. Estaban en las manos de la corte.

''P.—¿Quién los tomó de la corte?

''R.—Yo no sé.

''P.—¿Cuántos embargos había en la corte de distrito?

''R.—Yo no sé cuántos embargos, pero sé que la mercancía que pertenecía a la Porto Rico Drug estaba en las manos de la Corte de Distrito de San Juan.

''P.—¿Toda?

''R.—No sé cómo estaba allí. Yo fuí allí con el abogado Mr. Molina, y el señor Sepúlveda que era el juez, le dió orden al márshal para que me entregara todo a mí.''

En el presente caso los bienes fueron embargados en marzo de 1926 y en mayo del mismo año fueron puestos bajo la custodia de la demandante. El procedimiento de quiebra fué iniciado en la Corte Federal en octubre. En ausencia de

algo que demuestre una reentrega de los bienes embargados por parte de la demandada al márshal, el testimonio que acabamos de citar deja de establecer una entrega de tales bienes por el márshal al síndico de la quiebra. Aun si se pudiera interpretar una orden de la corte de distrito al márshal para que entregara todo al síndico de la Corte Federal en el sentido de incluir bienes embargados que habían pasado a la custodia de la demandada con más de cuatro meses de anterioridad a la fecha en que se dictó tal orden, nada hay que demuestre que fuera así interpretada por el márshal o que él tomó posesión material de tales bienes y entregó los mismos como parte de la quiebra. De todos modos, no estamos preparados para asumir con la apelante, en ausencia de cualquier cita de autoridad o razón satisfactoria para tal hipótesis, que la entrega de bienes embargados sin protesta u objeción por parte de la demandada, sin notificarse a la parte demandante y sin llamar la atención del juez de distrito a la forma en que se interpretaba y cumplía tal orden, hubiese relevado a la parte demandada y a su fiadora de toda responsabilidad para con la demandante.

El segundo fundamento de la moción de la apelante es que en nuestra opinión anterior pasamos por alto el hecho de que incumbía a. la demandante establecer el valor de los bienes embargados y que la demandante no adujo prueba alguna respecto a tal valor. A este respecto la apelante también asume, sin tratar de demostrarlo, que incumbía a la demandante establecer el valor de los bienes embargados. Muy bien podría argüirse por otra parte, que las disposiciones de la sección 10 relativas a la "fianza bastante a discreción del tribunal para responder del valor de dichos bienes," tienen por mira necesariamente por lo menos un justiprecio tentativo de los bienes por parte de la corte y que la fianza misma, al ser presentada como prueba, es una demostración suficiente prima facie del valor de los bienes. La fianza ofrecida como prueba por la demandante dice que: "en virtud de una orden de embargo librada por esta Hon.

588

Corte, con fecha 27 de marzo de 1926, en el caso arriba indicado contra la Porto Rico Drug Company, demandada, el márshal de esta corte ha embargado medicinas patentizadas y perfumería, valoradas en $2,100.'' De esta admisión sobre el valor de los bienes embargados al tiempo de efectuarse el embargo, unida a la cuantía de la fianza fijada por el juez de distrito, como suficiente para responder del valor de tales bienes, es lógico inferir que el importe de la sentencia—menos de la mitad de tal estimado—no excedía del valor real de dichos bienes. Sea ello como fuere, conforme ya hemos indicado, ésta no fué originalmente una acción o procedimiento contra la fianza. La compañía fiadora la convirtió en tal acción o procedimiento al comparecer y solicitar voluntariamente que se le hiciese parte demandada, al radicar su contestación y al plantear la cuestión de su responsabilidad bajo la fianza, sin suscitar cuestión alguna respecto al valor de los bienes embargados. En estas circunstancias, cualquiera que sea la regla en una acción o procedimiento ordinarios, no estamos dispuestos a alterar el resultado, en la teoría de que la fianza misma no bastaba para demostrar que el valor de los bienes embargados era por lo menos mayor que el importe de la sentencia.

*Debe declararse sin lugar la moción de reconsideración.*