Luis E. Bas, haciendo negocios bajo el nombre de Porto Rico Commercial Company, peticionario y apelante, *v.* Corte Municipal de Cayey, Hon. Angel M. Torregrosa, Juez, querellada; José Hoyo Lavín, interventor y apelado.

Núm. 6047.—*Sometido:* Febrero 11, 1936. *Resuelto:* Julio 8, 1936.

*E. García Capella,* abogado del apelante; *M. Guzmán Texidor,* abogado del interventor apelado, demandante en el pleito principal.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Luis E. Bas apela de una sentencia de una corte de distrito que anuló un auto de *certiorari* expedido anteriormente contra una corte municipal.

El primer señalamiento es que la corte de distrito erró al resolver que la municipal adquirió jurisdicción sobre la persona del demandado. Éste, en la corte municipal trató de hacer una comparecencia especial con el único objeto de atacar la suficiencia del emplazamiento y de su diligenciado. Sin embargo, al mismo tiempo radicó una excepción previa, una contestación y una moción de traslado. La Ley (núm. 10) de 1921 (Leyes de ese año, pág. 113) "Estableciendo juicios especiales en las cortes municipales de Puerto Rico y para otros fines" no abrogó la regla general bien establecida en *Security Loan, etc. Co.* v. *Boston, etc. Co.,* 126 Cal. 418, como sigue:

"Si la parte demandada desea insistir en la objeción de que no se halla ante la corte por no tener ésta jurisdicción sobre su persona, debe comparecer especial y únicamente con tal fin, y debe permanecer fuera para todos los fines excepto para tal objeción. Si plantea cualquier otra cuestión, o solicita cualquier remedio, que sólo puede ser concedido en la hipótesis de que la corte tiene jurisdicción de su persona, su comparecencia es general, aunque se le califique de especial, y con ello se somete a la jurisdicción de la corte tan plenamente como si hubiera sido citada en debida forma."

Véanse también *Aparicio Hnos.* v. *H. C. Christianson,* 23 D.P.R. 493; *Gómez* v. *Junta,* 40 D.P.R. 662, 666; *Sommer* v. *Unknown Heirs* of *Hahn,* 161 P. 298; *Thompson* v. *Alford,* 128 Cal. 227; *Shelley* v. *Casa de Oro,* (Cal. App.) 24 P. (2), 900.

■ El segundo señalamiento es que la corte de distrito cometió error al resolver que la fianza prestada para asegurar la efectividad de la sentencia ante una corte municipal era suficiente y que el embargo trabado después de radicarse tal fianza era válido.

El hecho de que el juez municipal no hiciera constar por escrito en la fianza que aprobaba la misma antes de expedirse la orden de embargo, no invalidaba el auto. 6 C. J. 172, sec. 311.

■■ Una objeción más seria fué que ninguno de los fiadores manifestaba en su declaración jurada que pagaba contribuciones como dueño del inmueble mencionado en la misma. El artículo 6 de la "Ley para asegurar la efectividad de sentencias", aprobada el 1ro. de marzo de 1902 (Código de Enjuiciamiento Civil, edición de 1933, pág. 98), dispone:

"Sólo podrán ser fiadores personales las personas que pagaren al Tesorero de Puerto Rico, a título de dueños, una contribución sobre la propiedad, representativa de un capital cuyo valor sea el doble de la fianza exigida por el tribunal para decretar el aseguramiento...."

Este es un requisito jurisdiccional. Si los fiadores no pagan contribuciones sobre bienes inmuebles por valor del doble del importe de la fianza, ésta es nula de toda nulidad. De ahí la importancia de exigir una demostración satisfactoria a este respecto como condición precedente a la aprobación de la fianza. La cuestión relativa a si prueba poco satisfactoria a este respecto es o no un defecto fatal o si es susceptible de ser enmendado, no es tan clara. Si el fiador no paga contribuciones sobre bienes inmuebles por la suma requerida en calidad de dueño, el defecto en la declaración jurada no puede ser subsanado mediante enmienda. Evidente-

mente, si sucede lo contrario, la omisión puede ser fácilmente suplida. No dejan de existir autoridades que sustentan el criterio de que meras irregularidades son renunciadas al contestarse sobre los méritos (72 A.L.R. 120, 126), y en el presente caso la cuestión fué planteada por primera vez después de dictarse sentencia.

En el caso de autos, cada uno de los fiadores manifestó bajo juramento que era dueño de bienes inmuebles que tenían un valor de más del doble del importe de la fianza, libre de cargas y gravámenes. La condición *sine qua non* del estatuto es el pago de contribuciones y no la propiedad de la cosa. No podemos decir que el dominio de la cosa sea sinónimo con el pago de contribuciones en concepto de dueño. La probabilidad es que el dueño del inmueble paga las contribuciones como tal. Sin embargo, cuando el pago es una condición estatutaria previa a la validez de una fianza para asegurar la efectividad de una sentencia, el hecho no puede dejarse a inferencias o conjeturas.

No estamos preparados para decir que la omisión en el presente caso fué una mera irregularidad o que la moción para anular el embargo debido a la nulidad de la fianza fué presentada demasiado tarde. Por otra parte, en vista de la fuerte probabilidad de que los fiadores en realidad pagaban contribuciones sobre sus inmuebles, al demandante debe dársele la oportunidad de suplir esta omisión en las declaraciones juradas, si puede, antes de anularse el embargo.

*Deben revocarse la sentencia apelada y la resolución de la Corte Municipal dictada en respuesta a la moción del demandado solicitando se anulara el embargo, y devolverse el caso para ulteriores procedimientos no inconsistentes con esta opinión.*

Los Jueces Asociados Señores Córdova Dávila y Travieso no intervinieron.