VÍCTOR M. SOLTERO, peticionario y apelante, *v.* VICTORIANO M. FERNÁNDEZ, JUEZ DEL TRIBUNAL MUNICIPAL DE PUERTO RICO, SALA NÚM. 1, recurrido y apelado.

Núm. 10504.—*Sometido:* Diciembre 3, 1951. *Resuelto:* Enero 29, 1952.

*J. Pedro Miranda* y *Paul H. Stawinski,* abogados del apelante;
*Hon. Procurador General Víctor Gutiérrez Franqui* y *Edgar
S. Belaval, Procurador General Auxiliar,* abogados del
apelado.

EL JUEZ PRESIDENTE SEÑOR TODD, JR., emitió la opinión del
tribunal.

El Tribunal de Distrito de Puerto Rico, Sección de San
Juan, a moción del demandado, desestimó la petición de *man-
damus* incoada por Víctor M. Soltero en que se solicitaba se
ordenara a un juez del Tribunal Municipal la aprobación de
una fianza personal otorgada bajo las disposiciones del ar-
tículo 6 de la Ley para Asegurar la Efectividad de Senten-
cias que, en lo pertinente, dispone:

"Sólo podrán ser fiadores personales las personas que paga-
ren al Tesorero de Puerto Rico, a título de dueños, una contri-
bución sobre la propiedad, representativa de un capital cuyo
valor sea el doble de la fianza exigida por el tribunal para de-
cretar el aseguramiento."

El motivo alegado por el juez municipal para no decretar
el embargo solicitado fué que el demandante se negó a acom-
pañar a la fianza los recibos de contribuciones pagadas por

los fiadores sobre los bienes de que eran dueños según la fianza.

El tribunal a quo resolvió que el juez municipal tenía discreción para exigir dichos recibos y, en su consecuencia, que el mandamus no procedía. El apelante señala como único error el a su juicio cometido por el tribunal inferior al llegar a esta conclusión.

■■ Hemos resuelto que como la Ley para Asegurar la Efectividad de Sentencias no dispone la forma en que debe ser redactado el contrato de fianza, deben incorporarse en el mismo todos los requisitos exigidos por la legislación en vigor y que los fiadores deben reunir los requisitos que determina el artículo 355 del Código de Enjuiciamiento Civil.[1] *Goodyear Tire, etc., Co. Ltd.* v. *Brugueras*, 44 D.P.R. 622.

■■ Arguye el apelante que habiéndose admitido por el demandado, a virtud de la moción de desestimación, todos los hechos alegados en la petición, es decir, que la fianza cumplía con todos los requisitos exigidos tanto por el artículo 6 de la Ley para Asegurar la Efectividad de Sentencias como por el artículo 355 del Código de Enjuiciamiento Civil, supra, el mandamus procedía. La posición del apelado es que el juez, antes de expedir la orden de embargo, tiene discreción para exigir que se presenten los recibos que demuestren que los fiadores han satisfecho las contribuciones sobre los bienes objeto de la fianza, y que en todo caso, a lo sumo el juez incurrió en un error en el ejercicio de su discreción, no revisable por mandamus.

Sólo dos casos se nos han citado, y ningún otro hemos encontrado, que directamente hayan interpretado el alcance

---

[1] El artículo 355, en lo pertinente, dispone:

"En todos los casos en que, de conformidad con lo dispuesto por este Código, deba constituirse una fianza personal, el funcionario ante quien se preste exigirá que dicha fianza vaya acompañada de una declaración escrita y jurada por los fiadores, expresando que cada uno de ellos es residente, cabeza de familia o propietario en la Isla de Puerto Rico, y que cada uno de ellos tiene bienes por valor de la cantidad especificada en la obligación después de cubiertas con exactitud todas las deudas y responsabilidades, con exclusión de toda propiedad exenta de ejecución; . . ."

de los artículos 6 y 355, supra, en relación con fianzas personales en casos de embargo para asegurar la efectividad de la sentencia. Son ellos los de *J. Ochoa & Hno.* v. *De Jesús, Juez Mun.*, 26 D.P.R. 282 y *Bas* v. *Corte Municipal y Hoyo, Int.*, 50 D.P.R. 315, siendo este último el que sirvió de fundamento al tribunal a quo para desestimar la petición en este caso.

En el de *Ochoa & Hno.*, supra, el juez recurrido rechazó la fianza por haberse negado el demandante a especificar en ella con qué determinada propiedad inmueble respondería el fiador y al confirmar la sentencia que ordenó, por mandamus, al juez que decretase el embargo solicitado, después de citar el artículo 6, supra, dijimos:

"... No requiere esta ley en esa clase de fianza que se especifique, como pretende el juez municipal recurrido, con qué determinada propiedad inmueble se habrá de responder y por tanto carece el juez municipal de facultad para exigir tal especificación de responsabilidad de bien inmueble. Se trata de un caso en que el juez no tiene facultad discrecional para exigir que se haga esa especificación. *Sus facultades en cuanto a este extremo están limitadas a examinar si se han cumplido los requisitos exigidos por la ley, pero no puede exigir otros distintos, y si lo hace no ejerce ninguna discreción y entonces el auto de mandamus es procedente.* La propia sección 6ta. garantiza el derecho de los demandados contra una fianza personal determinando lo que han de hacer cuando quieran asegurarse contra las fianzas de esa clase. Tampoco el artículo 355 del Código de Enjuiciamiento Civil que trata de la manera de constituir una fianza personal, exige el requisito que en este caso pidió el juez municipal." (Bastardillas nuestras.)

En el de *Bas* v. *Corte*, supra, que fué uno de *certiorari*, la objeción fundamental hecha a la fianza personal fué que ninguno de los fiadores *en su declaración jurada* hizo constar que pagaba contribuciones como dueño del inmueble mencionado en la misma. Después de citar el artículo 6, supra, dijimos, a la página 317:

"... Si los fiadores no pagan contribuciones sobre bienes inmuebles por valor del doble del importe de la fianza, ésta es

nula de toda nulidad. De ahí la importancia de exigir una demostración satisfactoria a este respecto como condición precedente a la aprobación de la fianza. La cuestión relativa a si prueba poco satisfactoria a este respecto es o no un defecto fatal o si es susceptible de ser enmendado, no es tan clara. Si el fiador no paga contribuciones sobre bienes inmuebles por la suma requerida en calidad de dueño, el defecto en la declaración jurada no puede ser subsanado mediante enmienda. Evidentemente, si sucede lo contrario, la omisión puede ser fácilmente suplida. ...

"En el caso de autos, cada uno de los fiadores manifestó bajo juramento que era dueño de bienes inmuebles que tenían un valor de más del doble del importe de la fianza, libre de cargas y gravámenes. La condición *sine qua non* del estatuto es el pago de contribuciones y no la propiedad de la cosa. No podemos decir que el dominio de la cosa sea sinónimo con el pago de contribuciones en concepto de dueño. La probabilidad es que el dueño del inmueble paga las contribuciones como tal. Sin embargo, cuando el pago es una condición estatutaria previa a la validez de una fianza para asegurar la efectividad de una sentencia, el hecho no puede dejarse a inferencias o conjeturas.

"No estamos preparados para decir que la omisión en el presente caso fué una mera irregularidad o que la moción para anular el embargo debido a la nulidad de la fianza fué presentada demasiado tarde. Por otra parte, en vista de la fuerte probabilidad de que los fiadores en realidad pagaban contribuciones sobre sus inmuebles, al demandante debe dársele la oportunidad de suplir esta omisión *en las declaraciones juradas*, si puede, antes de anularse el embargo." (Bastardillas nuestras.)

Como puede verse ninguno de estos casos es autoridad para sostener que un juez puede exigir prueba *aliunde* a la fianza y a las declaraciones juradas de los fiadores que tienda a demostrar el pago de las contribuciones por éstos. Por el contrario, en el de *Ochoa* expresamente resolvimos que un juez no puede exigir otros requisitos distintos a aquéllos exigidos por la ley—artículo 6 en relación con el artículo 355 —y en el de *Bas*, que es en las declaraciones juradas de los fiadores que debe hacerse constar el hecho del pago de las contribuciones, y para que así se hiciera, si era posible, se devolvió el caso.

Los requisitos que deben exigirse en las fianzas personales para asegurar la efectividad de una sentencia están claramente especificados en los artículos 6 y 355, supra. Cuando el legislador ha querido conceder al funcionario que ha de aprobar una fianza personal la facultad de exigir otros requisitos adicionales a aquéllos ya consignados en la fianza y en las declaraciones juradas de los fiadores, lo ha hecho expresamente, como sucede en el Código de Enjuiciamiento Criminal al disponer, en su artículo 380, que "Los fiadores deben en todos los casos justificar por medio de declaraciones juradas, prestadas ante el oficial que acepte la fianza, que individualmente reúnen las condiciones estipuladas en el precedente artículo. *Dicho oficial puede además examinar a los fiadores bajo juramento, acerca de su responsabilidad, en la forma que estime oportuna.*" (Bastardillas nuestras.)

Por otra parte, no vemos qué garantía adicional a favor del demandado pueden tener los recibos contributivos que no se haya obtenido ya a través de la fianza y las declaraciones juradas de los fiadores. La responsabilidad de éstos depende de lo que en dichos documentos se haga constar y no del hecho de que pueden o no presentarse al juez los recibos contributivos antes de que se decrete el embargo, ya que el demandado a quien se le han embargado bienes tiene, dentro de la propia ley, artículos 14 y 15, los medios de atacar la suficiencia de la fianza y de las declaraciones juradas. Si éstas contienen todos los requisitos exigidos por los artículos 6 y 355, supra, no creemos que el juez tenga discreción para exigir, como requisito adicional, la presentación de los recibos de contribuciones. El artículo 355, supra, es equivalente al artículo 1057 del Código de Enjuiciamiento Civil de California e interpretándolo se ha resuelto en dicho estado que la justificación prima facie de la solvencia de los fiadores se establece por sus declaraciones juradas y que esa justificación puede, desde luego, ser rebatida a instancia de la parte contraria pero que cuando esto no se hace, la justificación

se considera completa.    23 Cal. Jur. 1021, sec. 21, y casos citados en el escolio 10.

Otra sería la situación si en la fianza o en las declaraciones juradas no se cumpliera con los requisitos exigidos por los artículos 6 y 355, supra, pues en dicho caso el juez sí tendría discreción para no aceptarlas.    Cf. Arden Chemical Co. v. P. R. Drug Co., Inc., 46 D.P.R. 581.

■ La jurisprudencia en los Estados Unidos está dividida en cuanto a si procede o no el mandamus en estos casos, empero un gran número de jurisdicciones sostienen que cuando no se trata de situaciones en que el funcionario tenga que determinar discrecionalmente en cuanto a la suficiencia de la fianza en sí o la responsabilidad de los fiadores, y trata de exigir requisitos adicionales a los exigidos por la ley, sí procede expedir el auto.    Véase Anotación en 92 A.L.R. 1211.

*Debe revocarse la sentencia y devolverse el caso para ulteriores procedimientos consistentes con esta opinión.*

El Juez Asociado Sr. Snyder disintió.